Jerry TATE *v.* DIRECTOR, ARKANSAS
EMPLOYMENT SECURITY DIVISION et al

CA 79-61                            593 S.W. 2d 501

Opinion delivered January 23, 1980
Released for publication February 13, 1980

*Kenneth R. Smith*, for appellant.

*Herrn Northcutt,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from the denial of a claim of unemployment benefits.

The appellant last worked for her employer, Ozark Op-

portunities, in the school head start program on May 25, 1979. She has been employed in the program for the past few years, and works eight and one-half months each year. She expects to return to work with the resumption of school in the fall. She filed her claim for unemployment benefits on May 29, 1979. The local Employment Security Office determined her ineligible for benefits on the ground she was on leave and had not been terminated.

She appealed for the stated reason, ''My boss told me to file as I could draw unemployment.'' After hearing on June 27, 1979, the appeals referee held that although the claimant was unemployed, she has limited her availability, was not doing those things a reasonably prudent individual would do to become reemployed, was not making a serious effort to find another job, and was ineligible for benefits through June 27, 1979.

The evidence shows claimant had not been working during prior school vacation periods since she has been in the head start program. She lives at Flippin and applied for work only at two grocery stores and at a boat factory and plastic factory all in Flippin.

On appeal the Board of Review on July 27, 1979, affirmed the decision of the appeals referee. In her petition for appeal to the Board of Review the claimant requested a review of all records and testimony previously given and offered no further evidence.

Section 4(c) of the Arkansas Employment Security Law provides a claimant is eligible for benefits only if he is unemployed and doing those things a reasonably prudent person would be expected to do to secure work.

As claimant's testimony shows she made no effort to secure work outside the Flippin community and had applied for work at only four places, we cannot say the finding and decision of the Board of Review is not supported by substantial evidence. *Terry Dairy Products Company, Inc.* v. *Cash et al*, 224 Ark. 576, 275 S.W. 2d 12 (1955).

We would point out this and other recent similar cases before this court indicate local Employment Security Offices and perhaps appeals referees may not be adequately informing claimants of benefit eligibility requirements of Section 4(c) of the Employment Security Law. Although this is regrettable and hopefully will be remedied, this circumstance does not relieve a claimant of his burden of establishing his eligibility for benefits by meeting all of the requirements of the law.

Affirmed.

NEWBERN, J., dissents.

DAVID NEWBERN, Judge, dissenting. I respectfully dissent for the reasons stated in my dissenting opinion in *Teegarden* v. *Director, Arkansas Employment Security Division,* 267 Ark. 893, 591 S.W. 2d 675 (Ark. App. 1979). Although some of the facts in this case with respect to the validity of the claim may be different from those in *Teegarden,* the problem about the fairness of the notice, or lack of it, is the same.