Carlie ROSE *v.* Charles L. DANIELS,
Director of Labor and INLAND OIL
& TRANSPORT COMPANY

CA 80-96                         599 S.W. 2d 762
Court of Appeals of Arkansas
Opinion delivered May 28, 1980
Released for publication June 18, 1980

Appellant, *pro se*.

*Hernn Northcutt*, for appellees.

JAMES H. PILKINTON, Judge. The only question in this appeal is whether there is substantial evidence to support the decision of the Board of Review that appellant Carlie Rose was not entitled to unemployment benefits under the Arkansas Unemployment Security Act.

Appellant has been employed since January 23, 1979, by Inland Oil and Transport Company of St. Louis, Missouri, as a mate for barge and towboat assignment. He is still employed by Inland, but got off the towboat on June 24, 1979, and did not return to work until September 9, 1979. The reason he gave for not working during that period was that the employer had no suitable work available for him. The response of the employer, Inland Oil and Transport Company, indicates that work was available but the claimant-appellant did not work for Inland during this period because the port captain would not approve the claimant's wife being on board the boat with him. The claimant appealed the determination of the agency denying him benefits un-

der the provisions of the Arkansas Employment Security Law holding that claimant quit his last employment voluntarily and without good cause connected with his work. After a complete hearing, the Appeals Tribunal held that Mr. Rose was not unemployed within the meaning of the law and he was denied benefits from July 25, 1979, up to September 9, 1979, the date he returned to work with the employer. The claimant then appealed to the Board of Review, which affirmed the decision of the Appeals Tribunal. The decision of the Appeals Tribunal was adopted as the decision of the Board of Review. The claimant was held to be ineligible for unemployment benefits from July 25, 1979, up to September 9, 1979, the date he returned to work with his employer, under the provisions of Section 4(c) of the Arkansas Employment Security Law.

In appellate review under Ark. Stat. Ann. § 81-1107(d)(7) making the findings of the Board of Review, as to the facts, conclusive, if supported by evidence and in the absence of fraud, and confining judicial review to questions of law, we must give the successful party the benefit of every inference that can be drawn from the testimony. We are required to view the testimony in the light most favorable to the successful party, if there is any rational basis for the board's findings based upon substantial evidence. *Harris* v. *Daniels et al*, 263 Ark. 897, 567 S.W. 2d 954 (1978).

When we view the testimony in the light most favorable to the board's findings, drawing all reasonable inferences favorable to that holding, we are unable to say that there is no rational basis for it. Our act disqualifies the employee who voluntarily leaves work if it is "without good cause connected with the work." What constitutes good cause is usually a question of fact within the province of the Board of Review. *Harris* v. *Daniels, supra*. In this case the testimony shows that Inland Oil and Transport has a company policy prohibiting wives of employees to ride the boats without specific approval of the port captain. According to this record. Mr. Carlie Rose contacted Captain Brown, the port captain, in July, 1979, and asked if Mrs. Rose might ride the boat for a few days. Captain Brown gave his approval for her to ride from Evansville, Indiana, to Helena, Arkansas. The evidence

shows that Captain Brown boarded the boat at Memphis, and when the boat got to Helena, Mr. Rose requested that his wife be allowed to ride back to Memphis. Captain Brown denied Rose's request, stating that he had given permission for her to ride to Helena only and that she would have to get off. The evidence shows that Mr. Rose indicated, at this time, that if his wife got off he would also have to get off and did so on July 24, 1979. The employer claims that Mr. Rose was contacted subsequently by the office on several occasions with instructions to return to work; and, on each occasion, he requested that his wife be put aboard as a cook. The employer indicated to him that Mrs. Rose would have to apply through the proper channels if she wished to be employed as a cook. The evidence also shows that during the time Mr. Rose was off from work, the employer was particularly in need of tankermen and mates, and the company claims that its personnel department contacted Mr. Rose on several occasions during the period in question asking him to return to work. The evidence, when viewed in the light most favorable to the opinion of the Board of Review, shows that he refused to return to work without the accompaniment of his wife until September 9, 1979, when he dropped that demand. He then returned to work.

We find substantial evidence to support the board's decision that appellant was not unemployed, within the meaning of the act, during the period in question.

Affirmed.