William HUNTER *v.* Charles L. DANIELS, Director
of Labor and SEARS ROEBUCK & CO.

E 80-207                                    616 S.W. 2d 763

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Daggett, Daggett & Van Dover*, by: *David W. Cahoon*, for appellant.

*Thelma Lorenzo*, for appellees.

Tom Glaze, Judge. The appellant, William Hunter, appeals from the decision of the Board of Review affirming a determination that he was disqualified for benefits under the Employment Security Act because he had voluntarily terminated his employment without good cause connected with the work.

Appellant had been an employee of Sears for a period of four years when he resigned on March 31, 1980. On that date, Hunter informed his supervisor that he intended to run for public office and inquired as to how long he would be permitted to work for Sears. His supervisor contacted the Sears regional office concerning Hunter's plans to run for public office and the supervisor later informed Hunter that if he became a candidate for office he would have to resign immediately and would not be granted a leave of absence to campaign. Hunter then prepared and submitted his resignation on a printed form and filed as a candidate for county judge later that day.

Sears has an unwritten but commonly known policy

that any employee who desires to seek public office cannot continue in its employ. Hunter was fully aware of the policy and testified that he had decided not to become a candidate two years previously because of that rule. After resigning his employment, Hunter filed a claim for unemployment benefits stating that he had quit his job but had been forced to do so. The Agency determined that he was not entitled to benefits because he had quit his job without good cause connected with the work pursuant to Ark. Stat. Ann. § 81-1106 (a) (Supp. 1979). This determination was affirmed by the Appeal Tribunal and the Board of Review.

Appellant appeals the Board's decision to deny benefits, urging that his termination was not brought about by any misconduct but because of a worthy purpose to seek new employment in political office. The Board responds that Hunter resigned because of personal reasons and additionally contends that Hunter's petition for review should be dismissed for failure to abstract the record as required by Rule 9 (d) of the Rules of the Supreme Court and Court of Appeals.

We first consider the Board's Rule 9 argument. While it is true that Hunter's brief did not meet the requirements of that rule, we hold that it was not required to do so. Our Rule 7 (a) requires the filing of briefs in all civil cases. We have not heretofore treated petitions for review from the decisions of the Board of Review as cases in which briefs are required. It is rare when appellants in unemployment benefit cases are represented by counsel. It is even rarer when we are furnished anything other than a transcript of the proceedings on appeal. We have not treated unemployment benefit cases the same as other civil cases under our Appellate Rules. Accordingly, we hold that appellant is not required to abstract the record under Rules 7 or 9 of this court since this appeal involves an unemployment benefit case.

Next, we consider the case on appeal on its merits and the one issue raised by appellant. In so doing, we must affirm the Board's decision unless we find that its determination is not supported by substantial evidence. Moreover, we are also guided by the rule that we must give the successful

party below the benefit of every inference that can be drawn from the testimony. Here, we must view the testimony in the light most favorable to the Board of Review. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978). In reviewing the evidence before us in accordance with these legal principles, we conclude that the determination of the Board of Review must be affirmed.

Hunter admitted that he was fully aware of the employer's policy and knew that if he elected to run for public office he would be asked to resign. He had declined to seek office two years earlier because of the same policy. Hunter does not challenge the fundamental soundness of the Sears policy and we do not consider that issue. The Board of Review found from the evidence that he initiated his separation by announcing his intent to act contrary to that policy and although his job would have been available to him otherwise, he chose to submit a written resignation when the employer denied his request for a leave of absence. The Board further found that Hunter resigned voluntarily and, of his own free will, made his choice to give up his job for the purpose of seeking public office. There was substantial evidence to support those findings. No matter how worthy his purpose might be held to be, it was a personal consideration and his resignation did not result from working conditions or other good cause connected with the work.

Affirmed.

MAYFIELD, C.J., concurs.

CLONINGER and COOPER, JJ., dissent.

Concurring Opinion delivered June 10, 1981

MELVIN MAYFIELD, Chief Judge, concurring. I concurred in the result of the majority decision handed down in this case on June 3, 1981. Because I believe the reason for that concurrence to be of importance to the bar, I am today stating my reason.

The majority's opinion holds that it is not necessary for the appellant to abstract the record in an appeal from the Board of Review. In my opinion that decision violates this court's own rules because our Rule 9 requires the appellant to abstract the record and makes no exception for unemployment benefit cases. Nor in my opinion should such an exception be made.

In an article by Justice George Rose Smith, *Arkansas Appellate Practice: Abstracting the Record*, 31 Ark. L. Rev. 359 (1977-78), he explains why the record should be abstracted:

> For purely practical reasons. There is only one typewritten record of the trial court's proceedings. That one transcript cannot possibly be examined by all seven members of the court in every case and in fact *will not be* so examined in any case.

Each of the six members of this court cannot examine the record in every unemployment benefit case. They must, however, get their factual information some way. If an appellant wants each of them to get that information from the record, then it is absolutely essential that the record be abstracted. Any appellant who does not file a brief which abstracts the record runs a substantial risk of having only one judge who knows what the record contains.

Furthermore, it is hard to understand how an appellant can write a brief without referring to the evidence disclosed by the record. It certainly should not be difficult to abstract that evidence. In this case, the appellee abstracted the record. The same day this case was submitted, two other unemployment security appeals were submitted on briefs and in each of them the appellant abstracted the record. The abstracts in all three cases ran a total of nine pages for an average of three pages each.

Of course, we have many appeals in unemployment benefit cases where the claimant is not represented by counsel and we decide those cases without briefs of any kind. But I suggest that an attorney representing an appellant in

an unemployment benefit case should give serious consideration to the matter before filing an appellant's brief without an abstract of the record.