Patricia GILBERT *v.* William F. EVERETT, Director
of Labor, and BEAIRD-POULAN

E 82-286                                      647 S.W.2d 486

Court of Appeals of Arkansas
Opinion delivered March 9, 1983

*Moody & Nye,* by: *Debby Thetford Nye,* for appellant.

*Alinda Andrews,* for appellees.

GEORGE K. CRACRAFT, Judge. Patricia Gilbert appeals
from a decision of the Board of Review affirming the Appeal
Tribunal's denial of unemployment benefits on a finding
that she had voluntarily left her last employment without
good cause connected with the work as provided in Ark. Stat.
Ann. § 81-1106 (a) (Supp. 1981). We agree with the Board of
Review.

Ark. Stat. Ann. § 81-1106 (a) in pertinent part is as follows:

Disqualification for benefits. — For all claims filed on and after July 1, 1973, if so found by the Director an individual shall be disqualified for benefits:

(a) Voluntarily leaving work. If he voluntarily and without good cause connected with the work, left his last work. Such disqualification shall continue until, subsequent to filing his claim, he has had at least thirty (30) days of employment covered by an unemployment compensation law of this State, or another state, or of the United States.

Provided no individual shall be disqualified under this subsection if, after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good consience to impose a disqualification; or, if after making reasonable efforts to preserve his job rights, he left his last work because of his illness, injury, pregnancy or other disability.

The Board of Review found that the appellant was employed by Beaird-Poulan until she submitted her written resignation on May 21, 1982. A short time prior to her resignation she had decided to marry Gerald Gilbert who was a supervisory employee of Beaird-Poulan. She admitted that both she and her husband were aware of a company policy which did not permit husbands and wives to work in the same facility and had agreed that because he made the larger salary she should be the one to terminate her employment. She discussed her approaching marriage with her superiors who indicated that if she married she must resign. She did resign in writing. The appellant contends that the findings of fact of the Board are not supported by the evidence and its conclusion that she did not have good cause for leaving her employment was erroneous. We do not agree.

The appellant admitted in her testimony that she was aware of the company policy and when asked how she knew of it she answered " . . . [I]t's nothing I've ever seen in writing, but it's just a known fact at the company that husbands and wives cannot work together." There was evidence from a representative of the employer that all employees were informed of this policy at the time they were hired. She admitted that it was possible that she was told about it at the time. She was asked:

Q. And you and your husband decided that since his was the better paying job that it would make sense for you to quit and he to stay on?

A. Yes sir.

. . . .

A. Well yes, we . . . discussed . . .Gerald, Gerald and I had dicussed several times about who would leave.

Q. Now who is Gerald?

A. Gerald is my husband.

The Board of Review found from the evidence that the appellant was aware of the company policy and voluntarily terminated her job because of it. The evidence supports these findings. No matter how worthy her purpose might be held to be, her resignation was based on purely personal considerations and did not result from working conditions, other good cause connected with the work or a personal emergency as those terms have been construed under this Act.

In *Hunter* v. *Daniels*, 2 Ark. App. 94, 616 S.W.2d 763 (1981) we reached this same result in a somewhat similar situation. There the employer had a policy against its employees seeking political office. The employee, desiring to run for county judge, voluntarily made his choice to give up his job and seek the office. We held that his resignation did not result from working conditions or other good cause

connected with the work even though the factors motivating it were worthy.

Other courts have applied this same rule to resignations resulting from company policies regarding the marriage of employees. *Elliott Co.* v. *Unemployment Comp. Bd. of Review*, 180 Pa. Super. 542, 119 A.2d 650 (1956); *Czarnecki* v. *Unemployment Comp. Bd. of Review*, 185 Pa. Super. 46, 137 A.2d 844 (1958); *Huiet* v. *Atlanta Gas Light Co.*, 70 Ga. 233, 28 S.E.2d 83 (1943).

In *Czarnecki* it was said: "When she married she thereby terminated her employment and voluntarily elected to place herself in an unemployed status for a reason which the law does not recognize as necessitous and compelling."

We affirm.

GLAZE, J., concurs.

COOPER, J., dissents.