Donald HAIG *v.* William F. EVERETT, Director
of Labor, and ST. EDWARDS MERCY HOSPITAL

E 83-49                                      650 S.W.2d 593

Court of Appeals of Arkansas
Opinion delivered May 25, 1983

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

JAMES R. COOPER, Judge. In this unemployment compensation case, the appellant was denied benefits by the Board of Review on a finding that he voluntarily quit his last work without good cause connected with the work. From the denial of benefits, comes this appeal.

It is undisputed that the appellant, Donald Haig, is a devout member of the Jehovah's Witnesses. When the appellant converted to this faith, he began attending several religious conventions each year, which he claims are an integral part of his faith. Although it created scheduling problems, the appellee, St. Edwards Mercy Hospital, readily cooperated in allowing him to switch shifts or take accrued vacation time in order to attend these religious conventions.

In August, 1982, a religious convention for members of the Jehovah's Witnesses was scheduled. The appellant gave notice to his employer, but the work schedules had already been prepared and the appellant was scheduled to work on the day the convention was to be held. When this scheduling conflict arose, the appellant was allowed to switch shifts with a co-worker, but the co-worker later had a personal conflict arise and he was unable to work the Saturday shift for the appellant. The appellant attempted to arrange for a substitute, but the only other available co-worker was too inexperienced and was unacceptable to the employer. The testimony is undisputed that the Saturday shift required fewer workers than the weekday shifts, but that two workers were still necessary. Since no acceptable substitute was available, the employer informed the appellant that he would be required to work, and, if he attended the convention leaving no one to work his shift, then he would be fired. The appellant notified his employer that he intended to be present at the scheduled convention and he tendered his resignation.

The appellant was disqualified from receiving unemployment compensation benefits on a finding that "he voluntarily and without good cause connected with the work, left his last work." Ark. Stat. Ann. § 81-1106 (a) (Supp. 1981). *See Wacaster* v. *Daniels,* 270 Ark. 190, 603 S.W.2d 907 (Ark. App. 1980). The question of what constitutes "good cause" must be determined by the facts in each particular case. *Wacaster, supra.*

The appellant argues that he had "good cause connected with the work" because he was forced to quit his job as a result of his strong religious conviction and his employer's inability or unwillingness to reschedule the shifts in order to allow him to attend the religious conference. The appellant relies on two United States Supreme Court opinions as authority.

The first case on which the appellant relies is *Sherbert* v. *Verner,* 374 U.S. 398 (1963). In *Sherbert,* the claimant was a devout member of the Seventh-Day Adventist Church. She was discharged by her employer for her refusal to work on Saturday, the Sabbath Day of her faith.[1] The Court stated that the denial of benefits to the claimant forced her to "choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion in order to accept work, on the other hand." The Court found, under the facts presented, that "to condition the availability of benefits upon this appellant's willingness to violate a *cardinal principle* of her religious faith effectively penalizes the free exercise of her constitutional liberties." [Emphasis supplied.]

The appellant also argues that *Thomas* v. *Review Board of the Indiana Employment Security Division,* ___ U.S. ___, 101 S.Ct. 1424 (1981), is controlling. In *Thomas,* the claimant was a Jehovah's Witness and his religion forbade participation in the production of armaments. The claimant was initially hired to work in a foundry which

---

[1]The issue in *Sherbert* was whether the claimant was "available for work" so as to qualify for unemployment compensation benefits, while the issue in the case at bar is whether the claimant quit for good cause connected with the work.

fabricated sheet metal. The department was subsequently closed and the claimant was transferred to a department which was directly involved in the production of military weapons. The employer had no other openings available which did not involve the same religious conflict for the claimant. Since a transfer was not obtainable, the claimant requested that he be laid off. This request was denied and the claimant resigned.

The Supreme Court, relying on *Sherbert*, held that the denial of unemployment compensation benefits violated the claimant's first amendment right to the free exercise of religion. The Court stated:

> [w]here the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden upon religion exists. While the compulsion may be indirect, the infringement upon free exercise is nonetheless substantial.

In unemployment compensation cases, the scope of review by this Court is governed by the substantial evidence rule. Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981). This rule requires that this Court review the evidence in the light most favorable to the appellee, and if there is substantial evidence to support the decision by the Board of Review, it must be affirmed. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978). Substantial evidence is defined as such relevant evidence as a reasonable person might accept as adequately supporting the conclusion. *Victor Industries Corp.* v. *Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981).

After a review of the record, we are satisfied that there is substantial evidence to support the Board's decision denying benefits to the appellant on a finding that he voluntarily quit his last work. We find the *Sherbert* and *Thomas* decisions distinguishable from the facts presented in the case at bar. Here, the appellant's desire to attend the religious convention was not a "cardinal principle of" or "conduct

mandated by" his religion. Thus, he was not required to choose between his employment and the sacrifice of a constitutionally protected right.

Since the appellant's desire to attend the convention was personally motivated and his non-attendance was not violative of the foundation of his religion, we affirm the Board's denial of unemployment benefits.

Affirmed.