Floyd BARKER *v.* Dewey STILES, Director of
Labor, and EICHLEAY CORPORATION

E 83-90                    658 S.W.2d 416

Court of Appeals of Arkansas
Division II
Opinion delivered October 12, 1983

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

LAWSON CLONINGER, Judge. The appellant, Floyd
Barker, was denied unemployment compensation benefits
by a decision of the Arkansas Board of Review on the finding
that appellant quit his job without good cause connected
with the work. Ark. Stat. Ann. § 81-1106 (a).

The decision of the Board of Review is not supported by substantial evidence and we reverse.

Appellant had been a laborer for the employer, appellee Eichleay Corporation, for seven months prior to the day he quit on October 22, 1982. Appellant and his witness, who was also an employee of appellee, testified at the hearing before the Administrative Law Judge. No evidence was offered in behalf of the employer, either by written statement or by testimony at the hearing.

Appellant testified that he was getting more than his share of the unpleasant jobs. He talked to the foreman about it and the foreman told him "... that's the way it is and that's the way it's going to be." Appellant's witness testified as follows:

> Ah, Floyd Barker had a labor foreman, Bill Ledbetter, who was very prejudiced against colored people. When this incident happened, right after it happened I went up and talked to Bill Ledbetter to try to get Floyd on my crew. Bill Ledbetter said I'm surprised he last this long, he said I've given him every dirty job there is and I said well if you like to I'll take him on my crew. He's a good laborer and he can help carpenters. He said the only place his black ass is going is to the house, that's what he said.

Ark. Stat. Ann. § 81-1106 (a), supra, provides that an individual is disqualified for benefits if he voluntarily leaves his last work without good cause connected with the work.

The standard in determining good cause is set out in *Teel* v. *Daniels*, 270 Ark. 766, 606 S.W.2d 151 (1980), as a cause which would reasonably impel the average able-bodied qualified worker to, in good faith, give up his or her employment. *Teel* also states that another element in determining good cause is whether the employee took appropriate steps to prevent the mistreatment from continuing.

The evidence indicates that appellant was singled out for the most distasteful jobs, and the clear inference is that

his foreman was deliberately seeking to drive him from his job. Appellant's evidence of mistreatment is unrefuted, and there is no evidence of bad faith on his part. Appellant attempted to prevent the mistreatment from continuing by talking to his foreman about it, but was rebuffed. He was given the choice of accepting continued mistreatment or being fired. We believe claimant reasonably determined that his situation was impossible to resolve.

The decision of the Board of Review denying claimant benefits is reversed.

GLAZE and CRACRAFT, JJ., agree.