Bruce ROBERSON *v.* DIRECTOR OF LABOR

E 87-210                                    775 S.W.2d 82

Court of Appeals of Arkansas
Division I
Opinion delivered August 30, 1989

338

*Appellant*, pro se.

*Allan Pruitt*, for appellee.

GEORGE K. CRACRAFT, Judge. Bruce Roberson appeals from an order of the Arkansas Board of Review denying him benefits for a period of eight weeks, pursuant to Ark. Code Ann. § 11-10-515(a)(1)(B) (1987), on a finding that he had failed without good cause to accept available and suitable work offered to him. We find no error and affirm.

The record indicates that appellant had been unemployed for a period of eighteen months. He was offered a job as a maintenance supervisor at wages of six dollars per hour. Appellant stated that although he had never been a maintenance supervisor, he had desired such a position. He first accepted the employment, but refused it the next day because it did not include benefits such as health insurance and paid vacation and holidays, and because it provided for a six-month period of temporary employment. Appellant testified that he might be required to purchase tools and safety equipment, but he admitted that he had made no such inquiry. He also complained that the job was located fifteen miles from his residence, and that the commuting distance would be too great.

Arkansas Code Annotated § 11-10-515 (1987), in relevant part, provides that a party shall be disqualified for benefits for a period of eight weeks if he fails, without good cause, to accept available suitable work. In determining whether work is

suitable for an individual, the Board shall consider, among other factors, the degree of risk involved to his health, safety, and morals, his physical fitness, his unemployment, his prospects of obtaining work in his customary occupation, the distance of available work from his residence, and the prospects for obtaining local work.

In its determination, the Board of Review considered that appellant had previously been employed in similar work, and that he had been unemployed for a long period of time. It considered the fact that he had been told that he would be interviewed for a full-time position within six months, at which time the additional benefits would be available to him, that he had found the wages to be satisfactory, and that he was qualified for the position. The Board of Review found the commuting distance to be reasonable and the evidence regarding the purchase of tools to be inconclusive. The Board found no evidence that the temporary employment would have prevented his seeking permanent employment elsewhere in the interim. Considering the above factors, the Board found that appellant had refused an offer of suitable work without good cause.

■■ The duty and obligation of an unemployed individual to accept available and suitable work may exist regardless of whether the work is temporary employment or full-time employment. The suitability of the work does not require that the employment offered be equal in every respect to the individual's prior working conditions, or that the pay be equal or better than previously earned. *Wacaster* v. *Daniels*, 270 Ark. 190, 603 S.W.2d 907 (Ark. App. 1979). While the term "good cause" may be difficult to define, it means a justifiable reason for not accepting a particular job. *Id.* The question of what constitutes "good cause" is a question of fact for the Board to determine from the particular circumstances of each case.

■■ On appeal, we review the findings of the Board of Review in the light most favorable to the prevailing party, and will reverse only if we conclude that those findings are not supported by substantial evidence. From our review of the record, we cannot conclude that the Board's finding that appellant had failed without good cause to accept suitable and available work offered him is not supported by substantial evidence.

Appellant next contends that the Board of Review erroneously failed to consider additional evidence submitted by him when making its determination of the issue of good cause. We disagree.

 While his appeal was pending before the Board of Review, appellant filed with the Board a letter setting forth a list of what he considered to be the tools he would be required to purchase and their costs. The Board refused to consider the information and so recited in its opinion. We conclude that this action was proper, for the Board of Review is not permitted to accept additional evidence in appeals pending before it. *Smith* v. *Everett*, 6 Ark. App. 337, 642 S.W.2d 320 (1982).

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.