Roger CALVIN *v.* DIRECTOR OF LABOR and Markham Inn, Inc.

E 88-147                                           787 S.W.2d 701

Court of Appeals of Arkansas
En Banc
Opinion delivered April 25, 1990

*Greene Law Offices*, by: *Robert E. Adcock*, for appellant.

*Bruce H. Bokony*, Acting Director of Labor, for appellee.

JAMES R. COOPER, Judge. In this unemployment compensation case, the Appeals Tribunal found that the appellant voluntarily left his last work without good cause connected to the work. The Board of Review adopted the findings and conclusions of the Appeals Tribunal. On appeal to this court, the appellant argues that the Board's finding that the appellant left his last work without good cause is erroneous and that its decision is not supported by substantial evidence.

In unemployment compensation cases, we review the evidence in the light most favorable to the appellee, and if there is any substantial evidence to support the decision by the Board of Review, it must be affirmed. *Haig* v. *Everett*, 8 Ark. App. 225, 650 S.W.2d 593 (1983). Substantial evidence is defined as such relevant evidence as a reasonable person might accept as adequately supporting the conclusion. *Id.* The proper standard in determining good cause to leave one's work is set out in *Teel* v. *Daniels*, 270 Ark. 766, 606 S.W.2d 151 (1980), as a cause which would reasonably impel the average able-bodied qualified worker to, in good faith, give up his or her employment.

According to the record, the appellant was employed by the appellee, Markham Inn, for twenty-two years as an assistant manager. In 1985 the appellee began experiencing financial difficulties which eventually led to the appellant's annual salary being cut in 1987 from $20,000.00 to $16,500.00. During the same time period, the appellant's employment responsibilities increased and he was required "to do everything."

In March 1988, Markham Inn hired a new management firm to run the Inn. The new management took over a majority of the appellant's old duties and assigned him other tasks such as washing and driving a van, picking up trash, and keeping the sidewalks clean. In his telephone hearing, the appellant admitted that he quit because, "[H]e-he wouldn't give me a job—he wasn't going to let me to stand around. . . ." The appellant also expressed dissatisfaction because the new manager would not tell him what his job was going to be. The appellant quit on March 20, 1988.

■ In *Morton* v. *Director of Labor*, 22 Ark. App. 281, 742 S.W.2d 118 (1987), we found that a claimant's reduction in work responsibility was not sufficient cause for quitting employment. While in the present case the appellant expressed a belief that the new manager wanted him to quit, he also admitted that the manager had not told him he was going to be fired and that the new manager just did not know what the appellant's new job was going to be. Although the appellant had suffered a reduction in salary, that was one year before the new management was hired. There is no evidence in the record to suggest that the appellant would be subjected to further salary reductions or that the new management would not, given a reasonable amount of time, find a suitable position for the appellant.

The appellant also contends that the evidence is not substantial because the only evidence presented by the employer was a statement from an "authorized representative" of the appellee which stated in pertinent part:

> The reason for the separation from employment was that the employee quit. The employee was a long-time, valued employee who choose [sic] to resign.

The appellant cites *Richards* v. *Daniels*, 1 Ark. App. 331, 615 S.W.2d 399 (1981), and argues that this hearsay statement does not constitute substantial evidence. Although we agree with the appellant's statement of legal principle, we do not think that the Board wholly relied on this hearsay statement in making its determination. Most of the evidence relied on by the Board was presented by the appellant and we find that its decision is supported by substantial evidence. Even where this Court might likely have reached a different conclusion, we have no choice other than to affirm if the decision reached by the Board is supported by substantial evidence. *Grigsby* v. *Everett*, 8 Ark. App. 188, 649 S.W.2d 404 (1983).

Affirmed.

CORBIN, C.J., and JENNINGS, J., dissent.

DONALD L. CORBIN, Chief Judge, dissenting. I dissent from the majority opinion. I find that there is not substantial evidence in the record to support the Board's finding that Mr. Calvin voluntarily left his employment without good cause connected to

the work.

My review of the record convinces me that the circumstances surrounding appellant's decision to quit his job constitute good cause pursuant to Arkansas Code Annotated Section 11-10-513 (1987). Appellant was assistant manager of Markham Inn for 22 years performing all managerial duties commensurate with that position until the Inn hired the management firm. By appellant's unrebutted testimony, he booked conventions and meetings, performed all ordering and auditing duties, worked the front desk, made bank deposits, and filled in for absent employees. As a manager, appellant was on call 24 hours a day, 7 days a week. Because the Inn had been experiencing financial difficulties, appellant testified that he would fill-in on weekends performing whatever duties required to efficiently run the Inn such as emptying trash, since the maintenance man only worked Monday through Friday.

Under the new management, appellant's office was taken away from him, as well as *all* of the managerial duties he had performed for 22 years. Under the new management, appellant was relegated to performing all the quasi-janitorial, maintenance duties, and was expected to work 7 days per week. Appellant's testimony reveals that management did not ask him to resign but he attempted numerous times to discuss this situation with the management because he felt that he was being forced to leave his position. His attempts to clarify his job standing were unsuccessful because management refused to answer his questions or set out his definite job duties for the future.

The Board's decision is predicated upon the finding that appellant "quit his job because he did not know what his job responsibilities would be under the new manager." The Board does concede, however, that appellant was required under the new management to perform duties he had never performed before such as yard work, housekeeping, and driving the van. It also concedes that management "did not inform him [appellant] of his job duties or his work schedule after inquiries were made by the claimant [appellant]."

Here, although the Board made its decision after stating that it considered certain factors, including appellant's prior training and experience, I cannot agree that it did so. This employee was

78

demoted from a long-standing management position to that of "flunky." Upon the facts of this case, I believe that the circumstances would impel the average able-bodied qualified worker to give up his employment in good faith and that he took appropriate steps to prevent the mistreatment from continuing. There is no substantial evidence in the record to indicate that appellant's action was not justifiable; therefore, I would reverse. Precedent establishes good cause to quit in situations similar to the present case. *See e.g., The Ladish Co.* v. *Breashears*, 263 Ark. 48, 563 S.W.2d 419 (1978); *Barker* v. *Stiles*, 9 Ark. App. 273, 658 S.W.2d 416 (1983).

For the reasons stated above, I dissent from the majority decision.

JENNINGS, J., joins in this dissent.