Jolie PERDRIX-WANG *v.* DIRECTOR, Employment
Security Department

E 92-130                                856 S.W.2d 636

Court of Appeals of Arkansas
En Banc
Opinion delivered June 30, 1993

*Mixon & McCauley*, for appellant.

*Allan Pruitt*, for appellee.

JOHN MAUZY PITTMAN, Judge. Jolie Perdrix-Wang appeals from the Arkansas Board of Review's denial of her claim for unemployment compensation benefits. She contends that there is no substantial evidence to support the Board's finding that she voluntarily left her last work without good cause connected with the work. She also contends that her Fourteenth Amendment right to equal protection of the law has been violated. We affirm.

The facts of this case are largely undisputed. Appellant, who holds a master's degree in chemistry, began working as a quality control chemist for Cyro Industries (Cyro), a plastics manufacturer, in April 1990. Early in 1991, appellant became pregnant. Appellant continued to work; however, she did so only under various restrictions and limitations because her physician advised that she not be allowed to come in contact with certain chemicals present in Cyro's plant while pregnant. Appellant gave birth on October 17, 1991. She then took approximately two months off as a maternity leave, during which she breast-fed her baby.

Appellant's obstetrician released her to return to work, without any restrictions, in December 1991. Her baby's pediatrician advised that, *if* appellant wished to continue to breast-feed the child, she continue to avoid certain chemicals in order to protect the integrity of her milk. Appellant stated that she wished to breast-feed the child until she was six-months old. Therefore, appellant asked that she be allowed to work for the four remaining months under the same limitations in effect during her pregnancy.

Appellant's superiors at Cyro refused appellant's request because appellant's decision to breast-feed was, admittedly, a personal one and not one based on any medical advice. Appellant was given the option of ceasing to breast-feed and returning to her job as a chemist, without restrictions, or accepting a position as "FF Assistant," the only available position that would allow her to avoid contact with chemicals. Appellant refused to consider feeding her daughter formula, which would allow her to return to her position as chemist. She also refused to accept the other offered position because it would be a "demotion," required twelve-hour shifts, and was considered by appellant to fall below her skill level and outside her career objectives. Appellant never did return to work at Cyro. She tendered her resignation, effective January 8, 1992, and filed this claim for unemployment benefits.

Appellant's claim was denied both at the Agency and Appeal Tribunal levels. On appeal, the Board of Review also denied appellant's claim and expressly adopted as its own the findings and decision of the Appeal Tribunal. The Board found that appellant had voluntarily quit her job without good cause connected with the work. It specifically found that, although

appellant wished to continue to breast-feed, there was no medical necessity that she do so and no evidence that the baby's health would be in danger if she were to be fed formula. The Board also found that Cyro had not treated appellant unreasonably and had attempted to accommodate her by offering her another position, which would have allowed her to avoid exposure to chemicals and, therefore, to feed her baby breast milk.

Arkansas Code Annotated § 11-10-513 (1987) provides in pertinent part that an individual shall be disqualified from receiving unemployment benefits if she left her last work "voluntarily and without good cause connected with the work."[1] Ark. Code Ann. § 11-10-513(a)(1). A claimant bears the burden of proving good cause by a preponderance of the evidence. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978); *Tate* v. *Director*, 267 Ark. 1081, 593 S.W.2d 501 (Ark. App. 1980). Good cause has been defined as a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment. *Teel* v. *Daniels*, 270 Ark. 766, 606 S.W.2d 151 (Ark. App. 1980). It is dependent not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and to be self-supporting, but also on the reaction of the average employee. *Id.* In determining the existence of good cause for voluntarily leaving one's work under § 11-10-513, factors to be considered include the degree of risk to one's health, safety, and morals, and her physical fitness, prior training, and experience. Ark. Code Ann. § 11-10-515(c) (Supp. 1991). What constitutes good cause is ordinarily a question of fact for the Board to determine from the particular circumstances of each case. *Roberson* v. *Director*, 28 Ark. App. 337, 775 S.W.2d 82 (1989); *Rose* v. *Daniels*, 269 Ark. 679, 599 S.W.2d 762 (Ark. App. 1980).

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (1987); *Feagin* v. *Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). Substantial evidence is such

---

[1] Appellant does not contend that she is entitled to benefits on grounds that she left her last work due to a "personal emergency" or because of "illness" or "disability" as provided in Ark. Code Ann. § 11-10-513(b).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Victor Industries Corp.* v. *Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Feagin* v. *Everett, supra.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

■ In the case before us, the record is less than clear in several respects. Appellant's regular duties as a chemist are not described except most generally. Nor is it explained in the record how the position of "FF Assistant", which alternative appellant refused, differs from that of chemist, either in terms of status, duties, or pay. However, it is clear that the restrictions under which appellant sought to work as a chemist would prohibit her from performing some of her regular duties and, thus, would require that someone else perform them. It is also clear that appellant's decision to breast-feed her baby was not the result of instructions or recommendations by her physicians. Rather, admittedly, it was appellant's "personal" decision based on her own judgment and her research of scientific literature, which appellant stated, without elaboration, indicated that "breast-feeding best meets the nutritional needs of infants." There was no evidence of the manner or extent, if any, that breast milk would benefit appellant's child or whether the child would have been in any way endangered if she were fed formula instead. There was no evidence to indicate that appellant's child suffered from allergies or immunity problems or that she was in any way less than perfectly healthy.

■ From our review of the record, we cannot conclude that there is no substantial evidence to support the Board's finding that appellant voluntarily quit her job without good cause connected with the work. Whether a given reason for leaving one's employment amounts to "good cause" within the meaning of the Employment Security Law quite often turns on matters of *degree. See* Ark. Code Ann. § 11-10-515(c). The mere fact that breast-feeding may be the "best" of two available methods of feeding a child does not compel a finding of good cause to quit in this case. Many things are "good" for children, and may even

constitute perfectly legitimate reasons for a parent to quit work. However, the question before the Board was not whether appellant's purpose was legitimate; the issue was whether her reason for quitting constituted sufficiently good cause to justify an award of unemployment compensation. The record supports the conclusion that appellant's decision to breast-feed was a personal, voluntary one, unsupported by either medical advice or any evidence of the degree to which breast-feeding might benefit the baby or protect her from harm. However worthy, or even admirable, appellant's purpose in quitting may have been, we cannot conclude on the facts of this case that the Board could not reasonably find a lack of good cause connected with the work. *See Gilbert* v. *Everett*, 7 Ark. App. 260, 647 S.W.2d 486 (1983); *Hunter* v. *Daniels*, 2 Ark. App. 94, 616 S.W.2d 763 (1981).

█ █ Appellant next contends, in a very conclusory fashion, that the Board of Review has "establish[ed] a rule" that "effectively eliminate[s] appellant's right to breast-feed her child." This, she contends, has worked a violation of her Fourteenth Amendment right to equal protection. While we have difficulty accepting the factual premise of appellant's argument, *i.e.*, that the Board has established such a rule, we decline to address the merits of the argument. First, it was not made below, and this court does not consider issues raised for the first time on appeal. *City of Fort Smith* v. *Moore*, 269 Ark. 617, 599 S.W.2d 750 (1980). Second, appellant has cited no authority and made no convincing argument regarding how the equal protection clause is implicated in this case. *See Gay* v. *City of Springdale*, 298 Ark. 554, 769 S.W.2d 740 (1989).

Affirmed.

ROBBINS and ROGERS, JJ., dissent.

JUDITH ROGERS, Judge, dissenting. By this decision today, this court is holding that appellant's choice to disassociate herself from the presence of harmful chemicals in order to breast-feed her child disqualifies her from the receipt of unemployment compensation. I respectfully dissent.

The appellant in this case is a trained chemist whose job admittedly exposed her to harmful chemicals. Given the potential for danger, precautionary measures were taken during her

pregnancy to remove her from their presence. After careful consideration, appellant made an informed and educated decision to breast-feed her child. Desiring to continue this practice beyond her maternity leave, appellant made the request of her employer that she be permitted to work for a period of four months under the same restrictions put into effect while she had been pregnant. This request was made upon the advice of her physician who recommended that she avoid exposure to harmful chemicals while breast-feeding. Her employer denied this request, and thus appellant was faced with two alternatives. One, she could return to work without restriction, which would involve disregarding her physician's advice and also placing her child at risk. Secondly, she could accept another position which, the employer acknowledged, was a demotion, without any assurance that her former position would remain available by the time she discontinued breast-feeding. Finding these choices unacceptable, appellant terminated her employment.

The proper standard in determining good cause to leave one's work is recognized as being a cause which would impel the average able-bodied, qualified worker to, in good faith, give up his or her employment. *Calvin* v. *Director*, 31 Ark. App. 74, 787 S.W.2d 701 (1990). In determining the existence of good cause for an employee to voluntarily leave work, it is necessary to consider, among other factors, the degree of risk involved to her health, safety and morals, her physical fitness and prior training, her experience and prior earnings. *Morton* v. *Director*, 22 Ark. App. 281, 742 S.W.2d 118 (1987); Ark. Code Ann. § 11-10-515(c) (1987).

In reaching their decision, the majority cites *Gilbert* v. *Everett*, 7 Ark. App. 260, 647 S.W.2d 486 (1983), and *Hunter* v. *Daniels*, 2 Ark. App. 94, 616 S.W.2d 763 (1981). In *Gilbert*, the employer had an unwritten policy that its employees not intermarry, and the claimant quit her job in order to marry a co-employee. In *Hunter*, the employer had an unwritten policy that its employees not seek public office, and the claimant resigned when he became a candidate for county judge. In both cases, we affirmed the denial of benefits on the ground that the claimants' voluntary decisions to quit their jobs was based on purely personal considerations which were in no way related to working conditions or other good cause connected with the work. In my opinion,

these decisions do not preclude an award of benefits in this case. Here, while it cannot be denied that appellant's decision to breast-feed her child was a matter of personal choice, her reason for terminating her employment was directly attributable to the conditions under which she was required to work, i.e. the exposure to harmful chemicals.

Appellant's good faith has not been questioned in this appeal; from all indications her decision to resign was sincere and based on the interests of her child. I submit that appellant was placed in an untenable position of having to make a choice between the Scylla of endangering the well-being of her child and the Charybdis of being demoted. By statute, good cause does encompass health risks. Ark. Code Ann. § 11-10-515 (1987). And, the suitability of an alternative job offer is recognized as an element for determining good cause. *Ladish Co.* v. *Breashears*, 263 Ark. 48, 563 S.W.2d 419 (1978). In my estimation, appellant demonstrated good cause for quitting her job and her reason for so doing was sufficiently compelling to merit an award of unemployment compensation. The important public policy consideration, of benefiting a child's early start, which I also tacitly espouse in this dissent, should be adopted by the legislature if our court refuses to recognize this health consideration in its opinion.

ROBBINS, J., joins in this dissent.