Debra CARPENTER *v.* DIRECTOR of Arkansas Employment
Security Department and Stark Manufacturing, Inc.

E 94-307                                              929 S.W.2d 177

Court of Appeals of Arkansas
Division I
Opinion delivered September 25, 1996

*Jeannie L. Denniston,* for appellant.

*Allan Pruitt,* for appellees.

OLLY NEAL, Judge. Appellant Debra Carpenter appeals a decision of the Arkansas Board of Review which affirmed a decision of the Appeal Tribunal and an earlier determination by the Arkansas Employment Security Department that appellant should be disqualified from receiving unemployment benefits under Ark. Code Ann. § 11-10-513 (a) (1987). We believe that the Board of Review's decision was not supported by substantial evidence and should be reversed.

At the Appeal Tribunal hearing, Ms. Carpenter testified that after she had worked at Starks Manufacturing for three or four months, she was notified that appellee intended to close its plant in Ozark, Arkansas. According to appellant, she refused reassignment to the facility located at Paris because the transfer would require additional driving. Appellant's family had only one automobile and Starks did not offer to increase its employees' rate of compensation. Appellant also found the $3.00 a day for sixty days' travel expenses offered by Stark insufficient to cover the additional travel expenses that would be generated. Ms. Carpenter stated that prior to the closure of the Ozark plant, she only drove ten miles to work, one-way, and that accepting the reassignment would necessitate at least sixty miles of driving daily, much of which would be on narrow, winding mountainous roads, sometimes in inclement weather. Finally, appellant Carpenter testified that, although the employer intimated to its employees that they would remain eligible for unemployment benefits should they not accept the reassignment, the employer denied such statements and controverted all claims for benefits. Ms. Carpenter's last day of work for appellee was August 25, 1994, the day Stark's Ozark facility was closed.

■■ On appeal, we review the findings of the Board in the light most favorable to the prevailing party, only reversing where the Board's findings are not supported by substantial evidence. *Roberson v. Director of Labor*, 28 Ark. App. 337, 775 S.W.2d 82 (1989). Here the Board found that appellant left her last work for reasons which do not constitute good cause in connection with the work and that appellant's decision not to commute to the new location constituted failure to accept suitable work when offered without good cause.

Good cause has been defined as:

[A] cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment. (Citation omitted). It is dependent not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and to be self-supporting, but also on the reaction of the average employee.

*Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). Similarly, good cause has also been found to mean:

A justifiable reason for not accepting the particular job offered. In other words, to constitute good cause, the reason for refusal must not be arbitrary or capricious and the reasons must be connected with the work itself.... [T]he question of good cause must be determined in the light of the facts in each case.

*Wacaster v. Daniels*, 270 Ark. App. 190, 603 S.W.2d 907 (1980). The fact that Ms. Carpenter continued to work for appellee through the day the Ozark plant closed, forecloses any finding of substantial evidence to support a finding that she left her last work for reasons which do not constitute good cause in connection with the work.

■ Although the relevant statute, Ark. Code Ann. § 11-10-515 establishes the distance of available work from a claimant's residence as a relevant factor in consideration of whether a claimant has refused suitable employment, our case law has not established a bright-line test for determining what distance is unreasonable. We acknowledged in *Rowlett v. Director*, 45 Ark. App. 99, 872 S.W.2d 83 (1994), that, "under normal conditions, a distance of several hundred miles between home and work would make commuting

unreasonable," but, on the other hand, held in *Roberson v. Director of Labor*, 28 Ark. App. 337, 775 S.W.2d 82 (1989), that a fifteen-mile commute was not unreasonable. We note that the issue of distance may not be isolated from other relevant factors, including the economic impact of the commute on the particular claimant. *See Jackson* v. *Daniels*, 269 Ark. 74, 600 S.W.2d 427 (1980).

In the case before us, in addition to the increased distance of travel necessitated by appellee, there was evidence that commuting employees would have to undertake the additional safety hazard presented by the inherent condition of the roads in the area. Also, appellant earned only $5.25 an hour and presented evidence that after the initial sixty days of compensation at $3.00 a day for travel expenses, the increased costs of gasoline would reduce the amount of her take-home. Based on those factors, we hold that the Board's findings that Ms. Carpenter left her last work for reasons that do not constitute good cause in connection with the work and that her decision not to commute constituted failure to accept suitable work when offered without good cause are not supported by substantial evidence.

Reversed.

MAYFIELD and ROGERS, JJ., agree.