

Cite as 2014 Ark. App. 622

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-13-819

|  |  |
|---|---|
| | **Opinion Delivered** November 5, 2014 |
| TRUCKS FOR YOU, INC.<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[No. 2013-BR-01659] |
| V. | |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and LUTHER<br>WILLIAMS<br>APPELLEES | REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

In this unemployment case, appellant Trucks for You, Inc. (TFY), appeals the Board of Review's (Board) award of benefits to Luther Williams, finding that TFY failed to prove by a preponderance of the evidence that Williams was discharged from his last work for misconduct in connection with the work. TFY contends on appeal that substantial evidence fails to support the Board's decision. Due to deficiencies in TFY's abstract, we order rebriefing.

The facts giving rise to Williams's claim for unemployment, as set forth in the Appeal Tribunal and Board of Review decisions, are as follows. TFY terminated Williams, its truck driver, on March 4, 2013, after it learned that approximately 900 gallons (valued at $3000) of fuel had been charged to Williams's fuel card in a two-day period at fuel stations in the same city. Williams reported to TFY that the tractor-trailer and his fuel card had been stolen on

SLIP OPINION

March 1, 2013; however, TFY maintained that termination was warranted because the fuel card was inoperable without authorization codes, which it contended Williams must have provided.

Upon termination, Williams filed for unemployment benefits. TFY contested the claim, arguing that Williams was not an employee but an independent contractor and alternatively, that he was terminated for misconduct in connection with the work. The Agency disagreed and found that Williams was terminated because his truck had been stolen and that TFY failed to provide sufficient information to establish Williams's misconduct.

TFY appealed the Agency decision and after a telephone hearing, the Appeal Tribunal found that Williams was an employee of TFY and that Williams, more likely than not, charged the 900 gallons of fuel to TFY without needing it for work, which showed an intentional disregard of TFY's best interest. Accordingly, the Appeal Tribunal concluded that Williams was discharged from TFY for misconduct in connection with the work and was denied unemployment benefits.

Williams appealed the Agency decision to the Board of Review. The Board found that Williams was an employee of TFY; however, it further found that TFY failed to meet its burden of proving that Williams committed an act of misconduct. It found that TFY failed to provide evidence that proved Williams participated in or knew about a theft prior to reporting his truck stolen. Instead, the Board found that Williams "simply trusted the wrong individuals," who likely committed the theft. Therefore, the Board concluded that TFY failed to prove that Williams was discharged from TFY for misconduct connected to the work and awarded unemployment benefits.

2

TFY appeals from the Board's decision, arguing that substantial evidence fails to support the Board's decision. We cannot reach the merits of TYF's appeal due to material deficiencies in its abstract.

The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Ark. Sup. Ct. R. 4-2(a)(5) (2013). Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. *Id.* In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. Ark. Sup. Ct. R. 4-2(a)(5)(B).

In the instant case, the hearing transcript is fifty-five pages; however, TFY's abstract is only three paragraphs long—less than one-and-a-half pages. Furthermore, TFY's abstract is not in the first person. The three-paragraph abstract is not attributed to any witness. It is nothing more than a broad summary of the case. This is problematic because the decisions of the Appeal Tribunal and the Board include factual findings based on the testimony of four witnesses: Williams; Brenda Swaidner, TFY safety director; Jack Hendricks, TFY dispatcher; and Joe Irwin, TFY risk manager. None of these witnesses are identified in the abstract, and no testimony is attributed to any of these witnesses in the abstract. This testimony is necessary for this court to decide whether substantial evidence supports the Board's decision. The absence of this abstracted testimony is a violation of Ark. Sup. Ct. R. 4-2(a)(5)(B).

In reaching this conclusion, we acknowledge *Hunter v. Daniels*, 2 Ark. App. 94, 96, 616 S.W.2d 763, 765 (1981), wherein we held that the appellant in his unemployment-benefit case

was not required to abstract the record. There, the appellant was represented by counsel, who filed a brief on appeal but did not abstract the hearing transcript. The Board argued that the appeal should have been dismissed for failure to abstract. *Id.*, 616 S.W.2d at 765. This court acknowledged that Rules 7(a)[1] and 9(d)[2] of the Rules of the Supreme Court and Court of Appeals required the filing of an abstract and brief in all civil cases; however, we held that claimants in unemployment-benefits cases were excepted from those rules. *Id.*, 616 S.W.2d at 765. The stated reasoning for the exception was because unrepresented claimants and records consisting of only a transcript of the proceedings are commonplace in unemployment-benefit cases. *Id.*, 616 S.W.2d at 765.

*Hunter* is distinguishable from this case. The applicable rule at that time, Rule 7(a), has been amended by Arkansas Supreme Court Rule 4-4(a), which is set forth below with emphasis placed on the pertinent additions:

> *Appellant's brief.* In all civil cases the appellant shall, within 40 days of lodging the record, file eighteen copies of the appellant's brief with the Clerk and furnish evidence of service upon opposing counsel and the circuit court. <u>Each copy of the appellant's brief shall contain every item required by Rule 4-2. Unemployment compensation cases appealed from the Arkansas Board of Review may be submitted to the Court of Appeals for decision as soon as the transcript is filed, unless the petition for review shows it is filed by an attorney, or notice of intent to file a brief for the appellant is filed with the Clerk prior to the filing of the transcript.</u>

---

[1] Rule 7(a) provided: "In all civil cases the appellant shall, within 40 days of lodging the record, file 17 copies of his abstract and brief with the clerk of this court, and furnish evidence of service upon opposing counsel." Ark. Sup. Ct. R. 7(a) (Repl. 1979).

[2] Rule 9 dictated the contents of appellate briefs, which included an abstract. Ark. Sup. Ct. R. 9(a) (Repl. 1979).

Ark. Sup. Ct. R. 4-4(a) (2013) (emphasis added). Rule 4-4 now requires that all appellants briefs contain every item listed in Rule 4-2, which includes an abstract. Rule 4-4 goes on to expressly state that unemployment-compensation cases will be submitted for a decision to our court once the transcript is filed (meaning no brief is required), *unless* the appellant is represented or files a notice of intent to file a brief. *Id.* Therefore, in unemployment cases where the appellant is represented or intends to file a brief, the briefing requirements of Rule 4-4 apply, along with the required contents of the brief as set forth in Rule 4-2, which includes an abstract. In other words, unemployment appeals where the appellant is represented or intends to file a brief should be treated the same as other civil cases.

In the case at bar, TFY is represented by counsel, who filed a brief on appeal. As such, TFY shall comply with the briefing requirements of Rules 4-2 and 4-4. TFY attempted to abstract the hearing, albeit deficiently. Therefore, we order TFY to file a substituted brief that complies with our rules. Ark. Sup. Ct. R. 4-2(b)(3) (allowing parties who file a deficient brief an opportunity to file a conforming brief). The substituted brief shall be due fifteen days from the date of this order. After service of the substituted abstract, brief, and addendum, Williams and the Director of Department of Workforce Services will have fifteen days to file a revised brief, if they elect to do so. We encourage TFY to review the rules to assure that the substituted brief complies with the rules and that there are no other deficiencies present that are not noted above.

Rebriefing ordered.

GLOVER and WOOD, JJ., agree.



*Wright, Stout & Wilburn, PLLC*, by: *Justin Stout*, for appellant.

*Phyllis Edwards*, for appellees.