

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-13-1179

| | |
|---|---|
| KATHY S. THOMPSON<br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and<br>QUAPAW AREA COUNCIL, INC.<br>APPELLEES | **Opinion Delivered** May 14, 2014<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2013-BR-03169]<br><br><br><br>REVERSED AND REMANDED |

## ROBIN F. WYNNE, Judge

Kathy Thompson appeals from the Arkansas Board of Review's denial of her claim for unemployment benefits. Because we hold that substantial evidence does not support the Board's ultimate finding under the particular circumstances of this case, we reverse and remand for an award of benefits.

"If so found by the Director of the Department of Workforce Services, an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work." Ark. Code Ann. § 11-10-513(a)(1) (Repl. 2012). However, "[n]o individual shall be disqualified under this section if after making reasonable efforts to preserve his or her job rights he or she left his or her last work . . . [d]ue to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification." Ark. Code Ann. § 11-10-513(b)(1) (Repl. 2012).



In this case, the Appeal Tribunal found that Thompson should be awarded benefits under this subsection. The Board reversed the award of benefits, finding as follows:

> The claimant worked as a senior executive for the employer for approximately six years. In January 2013, the claimant was made the court appointed guardian of her five grandchildren who ranged in age from five to fourteen. The claimant testified that her ex-husband assisted her with the care of the children beginning in January 2013, but that he had to relocate to Florida in July 2013. In her testimony, the claimant stated that with her ex-husband in another state, she did not have childcare or funds to pay for childcare for her grandchildren. The claimant gave her notice to quit to the employer on July 31, 2013, and worked until August 31, 2013.
>
> John Carman, Scout Executive, testified that the claimant quit her employment due to her family situation. Carman further testified that the claimant asked the employer about a change of duties prior to quitting but that there weren't any alternative duties available.
>
> The claimant has the burden of proving, by a preponderance of the evidence, that the claimant had good cause for leaving the employment. *Owens v. Director*, 55 Ark. App. 255, 935 S.W.2d 285 (1996). What is "good cause" is dependent upon a consideration of all the facts and circumstances in each case. *Magee v. Director*, 75 Ark. App. 115, 55 S.W.3d 321 (2001). Good cause has been defined as "a cause which would reasonably impel the average able-bodied, qualified worker to give up his or her employment. *Teel v. Daniels*, 270 Ark. 766, 769, 606 S.W.2d 151, 152 (Ark. App. 1980). It includes "whether the employee took appropriate steps to prevent the mistreatment from continuing." *Id.* at 769, 606 S.W.2d at 152.
>
> In this instance, the claimant contended that receiving guardianship of her grandchildren constituted a personal emergency that left her with no other option except to quit her employment. The Board finds that the claimant receiving guardianship and custody of her grandchildren in January 2013 did constitute a personal emergency at that time. However, the claimant continued to work for several more months when she had custody of her grandchildren prior to quitting. The claimant testified that she quit due to her ex-husband moving out of state and no longer being available for childcare, and her inability to afford alternate childcare. The Board finds that at the time the claimant quit her situation was no longer an emergency, but that she quit due to lack of childcare. Childcare is the responsibility of the claimant, and lack of childcare was not related to the claimant's work and constitutes a personal reason for quitting. Therefore, the decision of the Appeal Tribunal in Appeal No. 2013-AT-12952 is reversed on finding that the claimant voluntarily left last work without good cause connected with the work.

It is from this decision that Thompson appealed to this court. Our standard of review of the Board's findings of fact is well settled:

> We do not conduct a de novo review in appeals from the Board of Review. In appeals of unemployment compensation cases we instead review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board of Review's findings. The findings of fact made by the Board of Review are conclusive if supported by substantial evidence; even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.

*Valentine v. Dir., Dep't of Workforce Servs.*, 2012 Ark. App. 612, at 2 (citing *Snyder v. Dir., Dep't of Workforce Servs.*, 81 Ark. App. 262, 263, 101 S.W.3d 270, 271 (2003)). With this standard of review in mind, we reverse. The Board found that Thompson being granted guardianship of her five grandchildren constituted a personal emergency under Ark. Code Ann. § 11-10-513(b)(1). There is no reason to conclude, based on the record presented, that the emergency disappeared in the next few months, during which time the employer benefited from Thompson's temporary arrangements for childcare that allowed her to continue working. Because we do not believe that reasonable minds could accept the Board's conclusion that Thompson quit her work due to lack of childcare under these circumstances, we reverse and remand for an award of benefits.

Reversed and remanded.

WHITEAKER and VAUGHT, JJ., agree.

*Kathy S. Thompson*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.