Dena OWENS *v.* DIRECTOR, Arkansas Employment Security Department

E 96-22                                                935 S.W.2d 285

Court of Appeals of Arkansas
En Banc
Opinion delivered December 18, 1996

*Appellant*, pro se.

*Phyllis Edwards*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant Dena Owens appeals from an order of the Arkansas Board of Review denying her claim for unemployment benefits based on a finding that she left her last employment without good cause connected with the work. Appellant contends that the decision of the Board of Review is not supported by substantial evidence. We disagree and affirm.

■■ Arkansas Code Annotated § 11-10-513(a)(1) (Repl. 1996) provides that an individual shall be disqualified from receiving unemployment benefits if he or she left his or her last work voluntarily without good cause connected to the work. A claimant bears the burden of proving good cause by a preponderance of the evidence. *Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). Good cause has been defined as a cause that would reasonably impel the average able-bodied, qualified worker to give up his

or her employment. *Id.* What constitutes good cause is ordinarily a question of fact for the Board to determine from the particular circumstances of each case. *Id.* On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (Repl. 1996); *Feagin* v. *Everett,* 9 Ark. App. 59, 652 S.W.2d 839 (1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

Appellant testified that she had worked as a cashier for the Family Dollar Store for approximately one year when an individual was hired by the store to be trained as a manager. The training program was to last approximately three months. Appellant said that the manager trainee falsely accused her of stealing from the store and of permitting others to take merchandise from the store. Appellant also stated that she was harassed by the manager trainee because of appellant's interracial marriage. She stated that she had told her employer that she could not work alone with the manager trainee. She testified that she gave a two-week notice to quit because she could no longer tolerate the manager trainee's harassing and embarrassing her in the presence of customers. Two co-workers testified that they had observed the manager trainee's harassment of appellant and heard the accusations of theft. Appellant testified that shortly after giving notice, she walked out, but returned to work the following day when the manager persuaded her to do so. Appellant said that she worked another week but left because she was scheduled to work alone with the manager trainee.

Appellant said that she spoke with the manager, about two to three weeks before she gave her notice of resignation, about the problems involving the manager trainee and was assured that the problem would be corrected. Appellant said that she had also spoken with the district manager regarding this problem. The Board noted appellant's testimony that she was never reprimanded by her employer concerning the theft accusations, nor was she in danger of losing her job.

■   The Board found that the training for the manager trainee would have ended in approximately thirty days and that rumors that the trainee might stay at the store beyond that time were unconfirmed. The Board also found that appellant's situation was not such that she could not have requested a leave of absence or waited until the manager trainee left. The Board concluded that appellant's situation would not have impelled the average, able-bodied qualified worker to leave her employment. Upon our review of the record, we cannot conclude that those findings and conclusion are not supported by substantial evidence.

Affirmed.

JENNINGS, C.J., and COOPER, J., agree.

ROBBINS, MAYFIELD, and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I respectfully dissent from the prevailing opinion which affirms the decision by the Arkansas Board of Review that appellant voluntarily left her last work without good cause connected with the work. The only evidence in the record is that appellant left her last work after she was forced to work with a manager trainee who wrongfully accused her of stealing from the store and allowing others to do so. There is undisputed proof that the manager trainee was motivated to make those defamatory accusations out of resentment about appellant's interracial marriage. Equally undisputed is the fact that appellant had informed the district manager of Family Dollar Store concerning the manager trainee's conduct, that there had been no substantiation for the manager trainee's accusations, that the district manager had assured appellant that she would not be required to work alone with the manager trainee, and that appellant quit her job only after the manager of the Family Dollar Store where she was working left her to work with the manager trainee without management protection. Upon this record, I cannot agree that the Board of Review's finding that appellant voluntarily left her last work without good cause connected with the work is supported by substantial evidence.

What constitutes good cause for leaving work is usually a question of fact within the province of the Board of Review. *Harris v. Daniels,* 263 Ark. 897, 567 S.W.2d 954 (1978). We have stated that good cause is a cause that would reasonably impel the average able-bodied and qualified worker to give up her employment, and must be determined from the particular circumstances of each case.

*Perdrix-Wang* v. *Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). The reason purported to constitute good cause for voluntarily leaving employment·must not be arbitrary or capricious, and must be connected with the work itself, although personal factors may be considered in determining whether there is good cause. *Wacaster* v. *Daniels*, 270 Ark. 190, 603 S.W.2d 907 (Ark. App. 1980).

We should reverse the Board of Review because the average able-bodied and qualified worker would not voluntarily submit to malicious and unfounded accusations of dishonesty by a management member and agree to work in the same store with her accuser knowing that no other management official was present to protect her. The employer in this case has offered no evidence, either by written statement or through hearing testimony. That leaves appellant's account of her plight uncontradicted. Appellant produced a witness, Becky Parker, who testified that she had worked with appellant and the manager trainee at Family Dollar in Conway, and that she had heard the manager trainee say that appellant was stealing from the employer. Another witness, Carla Rice, also testified that she had worked with appellant and the manager trainee at Family Dollar. Rice testified that she had heard the manager trainee say that appellant was stealing and was allowing others to steal from the store. Appellant testified that she quit her employment with Family Dollar on August 31, 1995, because of conflict with the manager trainee, that she had informed the store manager and the district manager about the problem with the manager trainee, and that the store manager had told the manager trainee to leave her alone to no avail. Appellant testified that the district manager told her not to worry about her problem with the manager trainee, and she also testified that the store manager was supposed to have been with her in the store so that she would not have to work alone with the manager trainee.

There is no proof that appellant could have requested a leave of absence until the manager trainee had been reassigned to a different store. Appellant testified that she did not know whether the employer had a leave policy, and no evidence that one existed — or that it covered this situation if it did exist — is in the record. Rather, the undisputed and independently confirmed proof is that appellant was subjected to harassment by the manager trainee. The undisputed proof is that she informed management about the harassment and actually gave notice of her resignation before being

assured that the problem would be remedied. Appellant was assured by management that she would not be scheduled to work alone with the manager trainee, and quit only after being left to work alone with a person who had told store customers, appellant's landlady, and employees of a nearby store that appellant was stealing. If this undisputed proof does not establish good cause to quit a job, it is hard to understand what additional proof is necessary.

Our court has held that undisputed proof similar to that presented by appellant constitutes good cause for voluntarily quitting a job. In *Barker* v. *Stiles*, 9 Ark. App. 273, 658 S.W.2d 416 (1983), we reversed the Board of Review's decision to deny unemployment benefits on the finding that the appellant quit his job without good cause connected with the work. The appellant in *Barker* was a laborer for Eichleay Corporation who quit work after working for seven months. He and another witness testified that the employer's labor foreman was prejudiced against people of color, and that the labor foreman had assigned appellant more than his share of unpleasant job duties. No evidence was offered on behalf of the employer, either by written statement or through hearing testimony. We reversed the Board of Review's decision denying unemployment benefits, concluded that the appellant reasonably determined that he faced a situation that was impossible to resolve, and that he had attempted to prevent the mistreatment from continuing but had been rebuffed.

The *Barker* decision should be followed in this case because the proof here is equally undisputed that appellant made reasonable efforts to resolve her situation. Her good faith efforts were unsuccessful, and her trust in management to keep its assurance that she would not be left to work alone with the manager trainee was violated. Quitting the job was the only way that she could be assured that the manager trainee would not eventually compromise her reputation as an honest employee, particularly when one considers that she worked as a cashier. Because appellant's proof is both undisputed and corroborated, there can be no substantial evidence supporting the Board of Review's decision that she quit her job without good cause connected with the work.

The policy aspects of this case are unsettling. Unemployment benefits are denied persons who quit their jobs without good cause connected with the work because it is deemed unreasonable to compensate people for leaving work for mere personal reasons. Yet

this case is entirely different. Here, a cashier is accused of stealing from her employer. The accusation was unfounded, and is even traceable to racial bigotry. The cashier was unable to obtain relief from her supervisors, and was required to work under the accusing eye of a manager trainee who slandered her to store customers, other vendors, and other persons. The cashier quit her job to avoid what any reasonable person with normal sensitivity for her character would consider an outright attack on her personal integrity within the context of her employment duties. The Board of Review's decision and our affirmance means that workers facing similar harassment are both helpless to escape it and must be uncompensated unemployment victims because of it. This is wrong policy; therefore, I dissent.

I am authorized to state that ROBBINS and MAYFIELD, JJ., join in this dissent.