Cite as 2021 Ark. App. 88

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** E-20-262

| | |
|---|---|
| TRACY KEENER | **Opinion Delivered:** February 24, 2021 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | |
| DIRECTOR, DEPARTMENT OF | [NO. 2020-BR-00947] |
| WORKFORCE SERVICES, AND | |
| WOOD MOTOR COMPANY, INC. | |
| APPELLEES | REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

In this unbriefed employment-security case, Tracy Keener appeals the Arkansas Board of Review's (Board's) decision denying her claim for unemployment benefits on a finding that she left last work voluntarily and without good cause connected with the work. We reverse and remand for an award of benefits.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Dillinger v. Dir.*, 2020 Ark. App. 138, 596 S.W.3d 62. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Rockin J Ranch v. Dir.*, 2015 Ark. App. 465, 469 S.W.3d 368. We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, our scope of judicial review is

limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *See Boothe v. Dir.*, 59 Ark. App. 169, 954 S.W.2d 946 (1997). Instead, our role is to ensure that the standard of review has been met. *See id.*

In April 2020, Keener applied for unemployment benefits alleging that she had been discharged by her employer, Wood Motor Company. Wood Motor Company contested the application, denying that Keener had been discharged and claiming that Keener had quit voluntarily and without good cause. The Department of Workforce Services determined that Keener was disqualified from receiving benefits, concluding that she had voluntarily left her job without good cause connected to the work.

Keener appealed this determination to the appeal tribunal, which held a hearing on her claim. At the hearing, Keener presented the following unrefuted testimony. She had been employed by Wood Motor Company, a car dealership, for approximately seven years.[1] In March 2020, Keener developed concern about the COVID-19 pandemic. Keener had frequent, if not daily, contact with individuals who were at greater risk of harm from the deadly disease—her son who is missing a kidney and her husband's elderly parents. She was also troubled by her employer's failure to take any precautions to limit or protect its employees and customers from risk of exposure to the deadly virus. She approached Chip

---

[1]Keener was employed as the owner-loyalty manager for the company. Keener claimed that she also acted as the rental-car and storage-facilities manager and that her duties included facilitating some public-relations events.

Johnson, the president and general manager of Wood Motor Company, expressing her concerns about the COVID-19 pandemic, her work environment, and the potential impact upon her family. She requested she be allowed to work from home.

While the above-referenced testimony was unrefuted, the Board was presented disputed testimony as to the rest of the evidence. Keener claimed that she was told by her employer to expend her accrued vacation days and that thereafter she could take unpaid leave until the federal stimulus package allowed for her to be paid. She claims that despite these assurances, Wood Motor Company canceled her health insurance and discharged her with no notice. She claimed that she was unaware of her discharge and that she continued to work until two weeks later when she was told to turn in her keys in order to get her last commission check. Wood Motor Company, on the other hand, denied that Keener was told she could take unpaid leave once her vacation time had been expended. When Keener did not return to work, she was deemed to have quit. They claimed that she had not been responsive to her coworkers' requests for help and that she was able to access the company's computers only because they had forgotten to change the access codes.

After the hearing, the appeal tribunal concluded that Keener had been discharged from last work for misconduct connected with the work citing her refusal to return to work and her uncooperative behavior. Keener appealed the denial of benefits to the Board.

The Board, after examining the evidence, again denied Keener's claim for benefits. The Board, however, modified the decision of the appeal tribunal and denied her claim on the basis that she was disqualified for having left her job voluntarily and without good cause connected with the work. The Board explained that while Keener had made reasonable

3

efforts to preserve her job rights prior to quitting by requesting time off work to protect from the coronavirus, she had failed to establish that she had good cause for quitting. In making this determination, the Board noted that claimant had not presented any evidence that anyone with the employer had tested positive for the virus so as to heighten her concern of exposure.  Keener appeals that determination.

Arkansas Code Annotated section 11–10–513(a)(1) (Repl. 2012) provides that an individual shall be disqualified from receiving benefits if he or she voluntarily and without good cause connected with the work left his or her last work. When a claimant has voluntarily quit work and is seeking unemployment-insurance benefits, the burden is on the claimant to show that he or she had good cause connected with the work for quitting. *Owens v. Dir.*, 55 Ark. App. 255, 256, 935 S.W.2d 285, 286 (1996). "Good cause has been defined as a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment." *Carpenter v. Dir.*, 55 Ark. App. 39, 41, 929 S.W.2d 177, 178 (1996) (citing *Perdrix-Wang v. Dir.*, 42 Ark. App. 218, 856 S.W.2d 636 (1993)). Good cause must be determined in the light of the facts in each case and depends not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and to be self-supporting, but also on the reaction of an average employee. *Owens*, *supra*.

Here, the Board found that good cause did not exist because Keener had failed to present evidence that any of her coworkers had tested positive for the virus thereby downplaying her exposure concerns. However, the Board's conclusion that Keener had not established good cause for leaving work is not supported by substantial evidence. It is

4

undisputed that Keener had significant and frequent contact with persons particularly vulnerable to contracting COVID-19, a highly contagious and potentially deadly virus— her son who is missing a kidney and her husband's elderly parents. Keener further testified that Wood Motor Company had failed to implement any procedures or take any steps to limit employee exposure to the virus from customers and other employees. Wood Motor Company presented no evidence to refute her testimony or to establish the precautions they put into place to prevent possible exposure. On this evidence, it is clear that there was an actual and valid risk that Keener's employment could potentially expose her family to a deadly virus. It does not matter that Keener failed to present evidence of a positive test; the validity of her concern under these particular circumstances is not dependent on actual exposure but on the risk of exposure. Given the vulnerability of her family and the lack of precautions taken by her employer, her reaction was not unreasonable. As such, we cannot say that an average able-bodied, qualified worker would not have given up his or her employment under these particular circumstances. Because the Board's determination is not supported by substantial evidence, we reverse and remand for an award of benefits.

Reversed and remanded.

HARRISON, C.J., and MURPHY, J., agree.

*Tracy Keener*, pro se appellant.

No response.

5