Cite as 2021 Ark. App. 258

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-20-354

| | |
|---|---|
| | **Opinion Delivered** May 26, 2021 |
| LISA ANN CATES<br>APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2020-BR-1536] |
| V. | |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND UNIVERSITY OF ARKANSAS COMMUNITY COLLEGE AT MORRILTON<br>APPELLEES | REVERSED AND REMANDED FOR AN AWARD OF BENEFITS |

## BRANDON J. HARRISON, Chief Judge

In this unbriefed employment-security case, Lisa Ann Cates appeals the Arkansas Board of Review's (Board's) decision denying her claim for unemployment benefits on a finding that she performed services for an educational institution and that the circumstances of the interruption did not allow her benefits on the basis of those services. We reverse and remand for an award of benefits.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* Though no "rubber stamp," we will accept the Board's findings of fact as conclusive if supported by substantial

evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* Our primary role is to ensure that the standard of review has been met. *See id.*

Cates worked as a part-time teacher in the adult-education center in Clinton, Arkansas; the center is part of a program offered by the University of Arkansas Community College at Morrilton. Cates was not a salaried employee; she was paid by the hour. The center closed because of the COVID-19 pandemic, and Cates received some unemployment benefits when she did not work "during an otherwise scheduled semester." But Cates was disqualified by the agency from benefits beginning 31 May 2020 through 1 August 2020. So she appealed the agency decision.

At the Appeal Tribunal level, Cates testified that the adult-education center operated year-round and did not follow an academic calendar with spring and fall terms. Nevertheless, the hearing officer found that (1) Cates worked for an educational institution, (2) the employer had a break in academic years or terms, and (3) Cates had reasonable assurance she would continue to perform the same services after the break. Therefore, Cates was not entitled to benefits. The hearing officer reasoned, "The law was passed to apply to claims based on educational wages referring to education institution employers' academic years or terms. The law does not have an exception for individual schedules otherwise."

Without rendering any additional opinion, the Board summarily adopted and affirmed the decision of the hearing officer.  Cates now appeals to this court.

Arkansas Code Annotated section 11-10-509 (Repl. 2012) provides that

> (a) With respect to service performed in an instructional, research, or principal administrative capacity as an employee of an educational institution, benefits shall not be paid based on services for any week of unemployment commencing during the period between two (2) successive academic years or terms, during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract to any individual if:

> (1) The individual performs the services in the first of the academic years or terms; and

> (2) There is a contract or a reasonable assurance that the individual will perform services in any such capacity as an employee of any educational institution in the second of the academic years or terms.

Cates was not hired as an employee who would regularly be *on leave* from the beginning of summer and rehired by that school or another school in the fall, as contemplated in the statute.[1]  Instead, she was employed year-round.  The interruption of her regular, year-round employment was not due to a natural and anticipated break in the academic cycle; the COVID-19 pandemic, and all its attendant and unanticipated difficulties, was directly to blame for Cates's disruption in employment.  Substantial evidence does not support the Board's conclusion to disqualify her from benefits beginning 31 May

---

[1]The claimant's position is described at various times in the record as a teacher, a teacher's aide, a GED tutor, and a part-time wage coordinator.  Her exact job title and her status as a part-time employee are irrelevant to the core legal issue of whether the statute in question applies.

3

2020 through 1 August 2020. Consequently, we reverse and remand for an award of benefits.

Reversed and remanded for an award of benefits.

VIRDEN and KLAPPENBACH, JJ., agree.

*Lisa Ann Cates*, pro se appellant.

*Cynthia L. Uhrynowycz*, for appellee Director of Division of Workforce Services.