Cite as 2023 Ark. App. 169

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-22-109

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** March 29, 2023 |
| MICHAEL GRANT | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| | | [NO. 2021-BR-04061] |
| V. | | |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | REVERSED AND REMANDED WITH INSTRUCTIONS TO |
| | APPELLEE | REOPEN THE CASE |

## BRANDON J. HARRISON, Chief Judge

In this unbriefed employment-security case, Michael Grant appeals the Arkansas Board of Review's (Board's) decision denying his request to reopen his case and adopting the Arkansas Appeal Tribunal's conclusion that he had not shown good cause to reopen the matter. We reverse and remand with instruction to reopen the case.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* We will accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board

could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.*

On 5 June 2020, the Division of Workforce Services (DWS) notified Grant that he was entitled to Pandemic Unemployment Assistance (PUA) in the amount of $132 a week. But on 28 May 2021, DWS mailed Grant an amended "Notice of Determination of Entitlement" and informed him that he was not eligible for PUA because he was not a covered individual within the meaning of section 2102(a)(3) of the CARES Act. Grant appealed the decision to the Appeal Tribunal, which conducted a hearing on 26 July 2021. Grant did not appear at the hearing, however, so the hearing officer issued an opinion affirming the "Notice of Determination of Entitlement." According to the hearing officer's notes, there was no answer at Grant's telephone number.

At Grant's request, the Appeal Tribunal convened a second hearing on 27 August 2021 to determine whether Grant had good cause for failing to appear at the previous hearing and was therefore entitled to have the matter reopened. Grant explained that when he was called for the first hearing, "[i]t rang once and then hung up. . . . And so I called right back and I was on hold for 45 minutes. . . . [W]henever they finally answered, they said it had been closed and I had to file an appeal." He said that he had "bad service" that day. Grant was unable to provide phone records to verify that he had called back within ten minutes.

On August 30, the Appeal Tribunal issued an opinion finding that Grant had not shown good cause for reopening the matter. The opinion explained that Grant had not

2

called ahead of time as stated on the notice of telephone hearing and that he did not have proof of phone records to substantiate his claim that he called back and was placed on hold for forty-five minutes.

Grant appealed to the Board, which denied his request to reopen the matter. The Board's opinion explained,

> To support his testimony, the claimant supplied the Board with phone records showing calls to or from the Tribunal's office number 501–682–1063. Two such calls are shown and they have different symbols next to the numbers, which perhaps denote incoming calls and outgoing calls. The two calls are listed as having been placed at 3:38 and 3:42 respectively. The first call was presumably an incoming call from the Tribunal and was placed at 3:38 p.m. The symbols next to it may denote a missed incoming call. The Board notes that the hearing was scheduled for 3:15 p.m. The claimant apparently attempted to return the call at 3:42 p.m. He then called an 800 number at 4:10 p.m. . . . There is no indication of the claimant making a call to the Tribunal at or before 3:25, which would be 10 minutes from the scheduled starting time of the hearing, as instructed by the Notice.

We conclude that the Board's findings are not supported by substantial evidence. The only testimony before the Board was Grant's, and he testified that he had "bad service" that day and immediately called back after missing a phone call from the Tribunal. The Board noted that the hearing was scheduled to start at 3:15 p.m. and that Grant had not called the Tribunal by 3:25 p.m., but the phone records admitted by the Board show that the Tribunal did not call Grant until 3:38 p.m. and that Grant called back four minutes later. Based on these circumstances, we reverse and remand for further proceedings.

Reversed and remanded with instructions to reopen the case.

BARRETT and MURPHY, JJ., agree.

*Michael Grant*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.