Cite as 2023 Ark. App. 182

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-22-108

HEATHER KING

APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES

APPELLEE

Opinion Delivered: March 29, 2023

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW

[NO. 2021-BR-03887]

AFFIRMED IN PART; REMANDED IN
PART

**WAYMOND M. BROWN, Judge**

This is an unbriefed unemployment benefits case. Appellant Heather King (King)
appeals the Arkansas Board of Review (The Board) determination finding her liable to repay
$10,144 in unemployment benefits. On appeal, King contends that a waiver should be
granted due to her financial circumstances. We affirm in part and remand in part.

According to the record, King discontinued her last employment and filed her initial
claim for unemployment benefits on April 22, 2020. From there, King filed a continued
benefits claim for the weeks ending April 25 through August 8, 2020. As a result, King
received $109 in regular state-unemployment benefits for each of those weeks, with an
additional $600 in Federal Pandemic Unemployment Compensation (FPUC) each week for
the weeks ending April 25 through July 25, 2020, totaling $10,144.

The record also reflects that, on December 14, 2020, King was issued a notice of non-fraud overpayment determination, finding her liable for repayment of overpaid benefits under Ark. Code Ann. § 11-10-532(b) (Supp. 2021) because she received benefits to which she was not entitled, for reasons other than intentional misrepresentation of material facts knowing them to be false or knowingly failing to disclose material facts. In response, King filed a timely appeal of this determination to the Appeal Tribunal (Tribunal), which conducted a hearing on April 15, 2021, and issued a decision in appeal No. 2021-AT-01183 that affirmed the Division's determination.

Thereafter, King appealed the Tribunal decision to the Board, and the Board issued a decision in appeal No. 2021-BR-01667 which remanded the case to the Tribunal to conduct an additional hearing. This hearing was held on August 4, 2021, and the Tribunal issued a decision in appeal No. 2021-AT-15715 that affirmed the Division's determination. Following this, King timely appealed to the Board from the decision of the Tribunal, which also affirmed the determination. This timely appeal followed.

In appeal No. 2021-BR-03887, the Board determined that King was liable to repay $10,144 in unentitled benefits. The Board found that King:

> received benefits for the weeks in question. The Division later issued a determination which disqualified her from receiving those benefits. The determination was affirmed by the Tribunal, the decision of which was affirmed by the Board.... In this case, the overpayment resulted from a disqualifying determination. While the claimant may not have been at fault in causing the overpayment, it was not caused as a direct result of the Division's error. Principles of equity and good conscience-including assessing whether the claimant has the ability to repay the overpaid benefits-need not be addressed as the claimant must meet both elements to avoid repayment.

2

We agree in part. Board decisions are upheld if they are supported by substantial evidence.[1] Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion.[2] In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings.[3] Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented.[4] However, our function on appeal is not merely to rubber-stamp decisions arising from the Board.[5]

Here, the Board found that the overpayment of benefits was a result of a final disqualifying determination, not due to agency error. The overpayment must have been caused as a direct result of the Division's error, and it must be against the principles of equity and good conscience to require repayment.[6] We agree and find that substantial evidence

---

[1]*Jewell v. Dir.*, 2023 Ark. App. 109, at 2, ___ S.W.3d at ___; *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186.

[2]*Id.*

[3]*Id.*

[4]*Id.*

[5]*Id.*; *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

[6]*See* Ark. Code Ann. § 11-10-532(b)(2).

supports the Board's findings that King is liable for repayment of the regular state unemployment benefits totaling $1,744. The Board was correct in that since King failed to satisfy the first prong of her state unemployment-waiver analysis, principles of equity and good conscience, including assessing whether King has the ability to repay the overpaid benefits, need not be addressed. Thus, King is liable to repay the $1,744 in regular state unemployment benefits and we therefore affirm this point.

However, the same is not true concerning the $8,400 FPUC benefits. Our recent decision in *Carman v. Director*, 2023 Ark. App. 51, ___ S.W.3d ___, confirmed that for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience."[7]  *Carman* further held that FPUC repayment may be waived if the state determines that the payment of FPUC was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience.[8]

Such is the case here, King received $600 in FPUC benefits for fourteen weeks from April 25 to July 25, 2020, totaling $8,400. The Board determined that King was not at fault for causing the overpayments of these benefits. Thus, the first prong of the FPUC-waiver

---

[7]*Carman*, 2023 Ark. App. 51, at 7, ___ S.W.3d at ___ (citing Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)).

[8]*Id.* (citing 15 U.S.C. § 9023(f)(2)).

analysis is met. Therefore, the Board must determine whether repayment of the $8,400 in FPUC benefits would be contrary to equity and good conscience. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform a proper appellate review.[9]

Accordingly, we affirm King's liability in repaying the $1,744 in regular state unemployment benefits and remand to the Board for further findings of fact and conclusion of law regarding whether repayment of the $8,400 in FPUC benefits would be contrary to equity and good conscience.

Affirmed in part; remanded in part.

VIRDEN and GRUBER, JJ., agree.

*Heather King*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

---

[9]*Id.* (citing *Pillow v. Dir.*, 2022 Ark. App. 341, at 4).