Cite as 2023 Ark. App. 262

# ARKANSAS COURT OF APPEALS

DIVISION I

No. E-22-166

|  |  |
|---|---|
| | **Opinion Delivered** May 3, 2023 |
| CARL STEWART, JR.<br><br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2021-BR-04862] |
| V. | |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br><br>APPELLEE | AFFIRMED IN PART; REMANDED IN<br>PART |

**WENDY SCHOLTENS WOOD, Judge**

In this unbriefed employment-security case, Carl Stewart, Jr., appeals the Arkansas Board of Review's decision affirming the Arkansas Appeal Tribunal's conclusion that he must repay benefits in the amount of $2,667. We affirm in part and remand in part.

We do not conduct de novo review in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board

could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.*

Stewart applied for unemployment-insurance benefits on March 31, 2020, and indicated that he had been laid off from his employment at Buffalo Wild Wings due to lack of work. He received benefits from April 2020 to June 2021. On March 3, 2021, however, Stewart completed a "Claimant Statement—Incorrect Reason for Separation" and indicated that "he meant to say that he was fired from his employer when he filed his initial claim instead of laid off." Also, on June 30, 2021, his employer informed the Division of Workforce Services that Stewart had quit.

Consequently, on July 1, 2021, Stewart received a notice of agency determination that stated, "[C]laimant is considered to have quit their job on 02/28/2020 when they did not report for their next scheduled shift and did not call to report the absence. An evaluation of the facts shows the claimant left work voluntarily and without good cause connected with the work." On August 6, 2021, the Division notified Stewart that he had been overpaid $2,667 in benefits for the week ending January 2, 2021, through the week ending February 13, 2021. A second notice, also dated August 6, told Stewart that he had been overpaid benefits in the amount of $12,832 from March to November 2020.[1]

---

[1]Stewart untimely appealed the July 1, 2021 notice of agency determination. He timely appeals the notices of overpayment. This appeal concerns Stewart's liability to repay $2,667 in benefits. The appeal concerning his liability to repay $12,832 in benefits is also decided today, and the appeal concerning the untimeliness of his appeal of the agency determination was affirmed without opinion on April 26, 2023.

After a brief telephone hearing, the Appeal Tribunal issued an opinion finding that Stewart had not shown "that the overpayment was caused by direct error of the Department and that repayment would violate the principles of equity and good conscience." Stewart was therefore liable to repay $2,667 to the fund. He appealed to the Board, which affirmed the Appeal Tribunal's decision. Stewart has now timely appealed to this court.

In its opinion, the Board found that the overpayment was due to the Division's determination that Stewart quit his job without good cause connected with the work. Stewart's initial application for benefits indicated he had been laid off due to lack of work. But approximately one year later, after having received unemployment benefits, he told the Division that he had been fired by his employer, not laid off as originally reported. His employer, on the other hand, told the Division that Stewart had quit. We hold that substantial evidence supports the Board's finding that the overpayment was not the direct result of an error by the Division.

Arkansas law provides that the director may waive the requirement that an overpayment of state unemployment benefits be repaid if the director "finds that the overpayment was received as a direct result of an error by the Division of Workforce Services *and* that its recovery would be against equity and good conscience." Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021) (emphasis added). Because the overpayment was not based on Division error, whether recovery would be against equity and good conscience need not be addressed. We affirm the Board's decision requiring Stewart to repay $567 in state unemployment benefits.

Stewart also received $2,100 in federal unemployment benefits (FPUC benefits). In *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, this court explained that the federal law governing a state's authority to waive repayment of these funds differs from Arkansas law because there is no requirement for a finding that the overpayment was a result of Division error; but the statute does require a determination that the payment was not the worker's fault.[2] *See* 15 U.S.C. § 9023(f)(2). Because the Board did not make findings sufficient to review the issue of the waiver of repayment of the federal-benefits overpayment under federal law, we remanded and directed the Board to make findings of fact and conclusions of law regarding whether the FPUC payments were made without the fault of Carman and whether repayment would be contrary to equity and good conscience.

Here, we likewise remand the case and direct the Board to make findings of fact and conclusions of law on whether Stewart was (1) faultless regarding the $2,100 in FPUC payments and (2) whether making him repay the amount would contravene equity and good conscience.

Affirmed in part; remanded in part.

HARRISON, C.J., and GLADWIN, J., agree.

---

[2]We note that, effective March 6, 2023, the Arkansas statute has been amended to align with the federal law. *See* Ark. Code Ann. § 11-10-532(b)(2) (in lieu of requiring the repayment, the director may recover the amount by deduction of any future benefits payable to the person under this chapter unless the director finds that the overpayment was received without fault on the part of the recipient and that its recovery would be against equity and good conscience).

*Carl Stewart, Jr.*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.