Cite as 2023 Ark. App. 395

# ARKANSAS COURT OF APPEALS

DIVISION II
№. E-22-346

|  |  |
|---|---|
| WILLIAM MORGAN | **Opinion Delivered** September 20, 2023 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2021-BR-05558] |
| V. |  |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| APPELLEE | AFFIRMED IN PART; REMANDED IN PART; VACATED IN PART |

**WENDY SCHOLTENS WOOD, Judge**

William Morgan appeals the adverse decision of the Board of Review (Board) requiring him to repay unemployment benefits in the total amount of $5,058. We affirm in part, remand in part, and vacate in part.

The record indicates that Morgan received unemployment benefits for the weeks ending November 21 through December 26, 2020, totaling $486 and for the weeks ending January 16 through April 3, 2021, totaling $4,572. On August 20, 2021, the Division of Workforce Services (Division) issued a notice of agency determination disqualifying Morgan for these benefits under Arkansas Code Annotated section 11-10-513(a) (Supp. 2021) on the ground that he voluntarily left his last work without good cause connected with the work. The record reflects that Morgan appealed that determination to the Appeal Tribunal

(Tribunal), which affirmed the Division's determination with no further action taken in the matter.

On September 24, 2021, the Division issued two notices of nonfraud overpayment determinations finding Morgan liable to repay the benefits under Arkansas Code Annotated section 11-10-532(b)(1) (Supp. 2021). The first notice found Morgan liable to repay $4,572 for benefits he received for the weeks ending January 16 through April 3, 2021. Of that amount, $972 were state benefits, and $3,600 were Federal Pandemic Unemployment Compensation (FPUC) benefits. The second notice found Morgan liable to repay $486 for benefits he received for the weeks ending November 21 through December 26, 2020. All of the $486 were state benefits. The record reveals that Morgan appealed only the notice finding him liable to repay $4,572. The Tribunal affirmed the Division's determination, and the Board affirmed the Tribunal's decision. Morgan appeals the Board's decision.

We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.*, 618 S.W.3d at 448. We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*, 618 S.W.3d at 448. Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* at 1–2, 618 S.W.3d at 448. We defer

credibility determinations to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* at 2, 618 S.W.3d at 448. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Id.*, 618 S.W.3d at 448. Instead, our role is to ensure that the standard of review has been met. *Id.*, 618 S.W.3d at 448.

This court's recent decision in *Carman v. Director* confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." 2023 Ark. App. 51, at 7, 660 S.W.3d 852, 857 (citing Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that repayment of FPUC benefits may be waived if the state determines that the payment of the FPUC benefits was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857–58 (citing 15 U.S.C. § 9023(f)(2)).

With respect to the $4,572 overpayment in the present case, the Board found that it was a result of a final disqualifying Tribunal determination in the underlying case and that the overpayment was not received as a direct result of an error by the Division. We hold that there is substantial evidence to support the Board's findings. Because Morgan fails to satisfy the first prong of his state unemployment-waiver analysis, we affirm the decision requiring him to repay the $972 in state unemployment benefits he received from January 16 through April 3, 2021.

However, the Board failed to make any findings regarding the two prongs of the FPUC-waiver analysis outlined in *Carman*. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform a proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law, utilizing the FPUC-waiver analysis prongs, regarding repayment of the $3,600 in FPUC benefits Morgan received for the weeks ending January 16 through April 3, 2021.

Finally, with respect to the Board's finding that Morgan is liable to repay $486 in unemployment-compensation benefits, the record demonstrates that Morgan did not appeal this finding to the Tribunal or to the Board. Therefore, we vacate the part of the Board's decision finding Morgan was required to repay $486 in state benefits.[1]

Affirmed in part; remanded in part; vacated in part.

BARRETT and THYER, JJ., agree.

*William Morgan*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

---

[1]The Division's finding regarding this issue still stands.