Cite as 2023 Ark. App. 507

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** E-22-411

| | |
|---|---|
| BRITTANY TAUNTON<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES<br>APPELLEE | **Opinion Delivered** November 8, 2023<br><br>APPEAL FROM THE<br>ARKANSAS BOARD OF REVIEW<br>[NO. 2022-BR-00350]<br><br>AFFIRMED IN PART AND<br>REMANDED IN PART FOR<br>FURTHER FINDINGS |

## BRANDON HARRISON, Chief Judge

In December 2021, the Division of Workforce Services issued a notice of nonfraud overpayment determination to Britany Taunton telling her that she had to repay $9,765 in benefits pursuant to Ark. Code Ann. § 11-10-532(b)(1) (Supp. 2023). Brittany appealed the decision to the Appeal Tribunal, and a telephone hearing was conducted in January 2022. Soon thereafter, the Appeal Tribunal affirmed the Division's determination that Brittany was liable for the overpayment. The Tribunal stated that benefits must be repaid "unless the claimant was not at fault in causing the overpayment, if the overpayment was a direct result of error by the Division, and if it would be against equity and good conscience to require repayment." Yet the Tribunal found only that the determination was not attributable to Division error; it failed to make findings on whether Brittany was at fault for causing the overpayment. Without taking further evidence, the Board of Review affirmed

the Tribunal's decision and stated that Brittany was liable to repay $9,765 to the fund. Brittany appealed that decision to this court.

We remand the case to the Division and direct it to make the required findings to complete the federal-waiver analysis.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448. The findings of fact made by the Board are conclusive if supported by substantial evidence; even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the evidence presented. *Id.*, at 1–2, 618 S.W.3d at 448. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. Instead, our role is to ensure that the standard of review has been met. *Id.*

Here, the Board of Review found that the $9,765 benefit overpayment was due to a final disqualifying determination, not based on an agency error. The "Review Claims Transactions" shows that a portion of benefits were state benefits and a portion were Federal Pandemic Unemployment Compensation (FPUC) benefits. When a claimant receives both state- and federal-unemployment benefits—and the state attempts to recover nonfraud overpayments—the Board must conduct a different waiver analysis for the state-

2

unemployment benefits received and the federal-unemployment benefits received. *Hill v. Dir.*, 2023 Ark. App. 418, at 2, ___ S.W.3d ___, ___. The state benefit overpayment must have been caused as a direct result of the Division's error; and it must be against the principles of equity and good conscience to require repayment. Ark. Code Ann. § 11-10-532(b)(2); *see also King v. Dir.*, 2023 Ark. App. 182, at 3, 664 S.W.3d 439, 442. We find that substantial evidence supports the Board's findings as to the state benefits.

But neither the Appeal Tribunal nor the Board of Review performed the required federal-waiver analysis to determine whether the FPUC benefits must be repaid. Consequently, as to the federal waiver analysis, we remand for findings on this question based on this court's decisions in *Rush v. Director*, 2023 Ark. App. 276, 668 S.W.3d 520, and *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852.

Affirmed in part; remanded in part for further findings.

GRUBER and HIXSON, JJ., agree.

*Brittany Taunton*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.