Cite as 2023 Ark. App. 601

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-502

| | | |
|---|---|---|
| LISA LANGSTON | | Opinion Delivered December 13, 2023 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2022-BR-00582] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | AFFIRMED IN PART; REMANDED IN PART FOR FURTHER FINDINGS |
| | APPELLEE | |

## WAYMOND M. BROWN, Judge

Appellant, Lisa Langston (Langston), appeals from an order issued on August 11, 2022, by the Arkansas Board of Review (the Board) requiring her to repay $1,860 in overpaid unemployment benefits in favor of appellee, Division of Workforce Services (DWS). We affirm in part and remand for further findings in part for the reasons our court has previously addressed in *Carman v. Dir.*, 2023 Ark. App. 51, 660 S.W.3d 852.

According to the record, Langston was issued a "Notice of Non-Fraud Overpayment Determination" on December 1, 2021, finding that she was liable to repay $1,860 in benefits pursuant to Ark. Code Ann. § 11-10-532(b) (Supp.2023). In response, Langston filed a timely appeal of this determination to the Appeal Tribunal, which conducted a hearing on February 7, 2022, and affirmed DWS's determination in appeal No. 2021-AT-23965. Langston timely

appealed to the Board from the decision of the Appeal Tribunal. The Board in appeal No. 2022-BR-00582 affirmed the Tribunal's decision, finding that

> [a] determination was issued by the Division on September 20, 2021, allowing the claimant benefits under Ark. Code Ann. § 11-10-514(a) on finding that the claimant was discharged from last work for reasons other than misconduct connected with the work. The Tribunal then issued a decision on October 22, 2021 which reversed and modified the Division's determination and denied benefits under Ark. Code Ann. § 11-10-514(b) on finding that the claimant was discharged from last work for misconduct in connection with the work due to dishonesty. The Tribunal's decision resulted in the overpayment. The claimant filed an untimely appeal of that decision to the Board, and the Board dismissed the appeal in Appeal No. 2022-BR-00581 on finding that the untimely filing of the appeal was not due to circumstances beyond the claimant's control. The determination is still in effect, and as such the overpayment is still in effect. The overpayment was not a direct result of an error by the Division and as such an equity and good conscience review is not warranted. Therefore, the decision of the Appeal Tribunal in Appeal No. 2022-AT-23965 is affirmed on finding that the claimant is liable for repayment of benefits.

We agree with the Board's findings of fact and conclusion of law; however, we remand in part because DWS failed to make the required findings to complete the federal waiver analysis. In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings.[1] The findings of fact made by the Board are conclusive if supported by substantial evidence; even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the evidence presented.[2] Substantial evidence

---

[1]*Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448.

[2]*Id.* at 1–2, 618 S.W.3d at 448.

is such evidence as a reasonable mind might accept as adequate to support a conclusion. Issues of the credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. Instead, our role is to ensure that the standard of review has been met.[3]

Here, the Board found that the $1,860 benefit overpayment was due to the Tribunal's determination, not based on an agency error. Since the error was not a direct result of DWS error, we agree that an equity-and-good-conscience review is not warranted; and we find that substantial evidence supports the Board's findings as to the state benefits. However, the "Review Claims Transactions" shows that a portion of benefits were state benefits, and a portion were Federal Pandemic Unemployment Compensation (FPUC) benefits. When a claimant receives both state- and federal unemployment benefits—and the state attempts to recover nonfraud overpayments—the Board must conduct a different waiver analysis for the state unemployment benefits received and the federal unemployment benefits received.[4] The state benefit overpayment must have been caused as a direct result of the DWS's error, and it must be against the principles of equity and good conscience to require repayment.[5]

---

[3]*Id.*

[4]*Taunton v. Dir.*, 2023 Ark. App. 507, at 2–3.

[5] Ark. Code Ann. § 11-10-532(b)(2); *see also King v. Dir.*, 2023 Ark. App. 182, at 3, 664 S.W.3d 439, 442.

Neither the Appeal Tribunal nor the Board performed the required federal waiver analysis to determine whether the FPUC benefits must be repaid. Consequently, as to the federal waiver analysis, we remand for findings on this question on the basis of this court's decisions in *Rush v. Director*, 2023 Ark. App. 276, 668 S.W.3d 520, and *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852. We also request that DWS make a distinction in the classification of which portion of the funds is "state" and which portion is "federal" benefits to be repaid.

Affirmed in part; remanded in part for further findings.

VIRDEN and GRUBER, JJ., agree.

*Lisa Langston*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.