Cite as 2024 Ark. App. 167

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. E-22-667

| | | |
|---|---|---|
| ALEASIA MASON | | Opinion Delivered  March 6, 2024 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2022-BR-01400] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | APPELLEE | AFFIRMED IN PART; REMANDED IN PART |

**RITA W. GRUBER, Judge**

The appellant, Aleasia Mason, appeals from the Arkansas Board of Review's (Board's) November 22, 2022, decision affirming the Appeals Tribunal (Tribunal) decision that found her liable to repay $15,065 in overpaid unemployment benefits. Mason received both state benefits and Federal Pandemic Unemployment Compensation (FPUC) benefits, pursuant to the CARES Act.  We affirm in part and remand in part.

The Division found Mason ineligible for benefits in a related case, *Mason v. Director*, E-22-669, under Arkansas Code Annotated section 11-10-507(3)(A) (Supp. 2023), which we affirm today without written opinion. On August 4, 2021, the Arkansas Division of Workforce Services (DWS) issued a "Notice of Non-Fraud Overpayment Determination" to Mason finding that she was not able and available for work for the weeks of May 9, 2020, through February 6, 2021. Mason filed a timely appeal to the Tribunal from this

determination, and the Tribunal affirmed it. Mason timely appealed this determination to the Board, which remanded it in connection with the related appeals in case Nos. E-22-668 and E-22-669 that had been remanded because those decisions could affect the determination in this case. The Tribunal issued its decision on May 11, 2022, finding that the overpayment was not a direct result of Division error and that Mason was liable for the $15,065 overpaid unemployment benefits. On May 31, Mason appealed the Tribunal's decision to the Board. The Board issued its decision on November 22, 2022, finding that the overpayment was due to a disqualifying determination that had been issued after she had received the benefits in question by answering yes to question No. 25 on the unemployment application. Question No. 25 asks whether the claimant is able and available for work. Mason brings her appeal to this court from the Board's decision finding her liable to repay overpaid benefits totaling $15,065.

In appeals of unemployment-compensation cases, we do not review cases de novo. *Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448. Our court's review is limited to the determination of whether the Board could have reasonably reached that determination with the evidence presented to it. *Id.* We review "the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact." *Id.* Substantial evidence is considered evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered

2

on the basis of the evidence presented. *Id*. Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. *Bradford v. Dir.*, 83 Ark. App. 332, at 338, 128 S.W.3d 20, 23 (2003). While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Langston v. Dir.*, 2023 Ark. App. 601, at 3. Instead, our role is to ensure that the standard of review has been met. *Id.*

When a claimant receives both state and federal unemployment benefits and the overpayment was a nonfraud overpayment, then the Board must conduct a separate waiver analysis for the state and federal benefits received. *McElroy v. Dir.*, 2023 Ark. App. 456, at 4. The repayment of state benefits must be waived "if the director finds that the overpayment received was a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." *Carman v. Dir.*, 2023 Ark. App. 51, at 7, 660 S.W.3d 852, 857 (quoting Ark. Code Ann. § 11-10-532(b)(2) (Supp. 2021)). *Carman* also holds that the repayment of FPUC benefits may be waived if the State determines that the payment of the FPUC benefits was made without fault on the claimant's part and that repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

The record indicates that Mason received $2,800 in regular state unemployment benefits. The Board found that the overpayment resulted from a disqualifying determination issued after she had received benefits, and the benefits had been paid because she answered question No. 25 incorrectly. Therefore, the Division did not make an error, and substantial

evidence supports its decision to require her to repay the $2,800 in regular state unemployment benefits received for the weeks of May 9, 2020, through September 19, 2020.

In addition to the state benefits, she also received $3,265 in emergency unemployment compensation benefits and $9,000 in FPUC benefits between the weeks of May 9, 2020, and February 6, 2021. However, the Board failed to make any findings regarding the federal-benefit-waiver analysis outlined in *Carman*.

When adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Wimbley v. Dir.*, 2024 Ark. App. 85, at 3, ___ S.W.3d ___, ___. Therefore, we must remand this case for further findings of fact as to (1) whether Mason was at fault, and (2) whether repayment would be contrary to equity and good conscience before requiring Mason to repay the $3,265 in emergency unemployment compensation benefits and $9,000 in FPUC benefits.

Affirmed in part; remanded in part.

GLADWIN and BARRETT, JJ., agree.

*Aleasia Mason*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.